FLAHERTY, Respondent, vs. HARRISON, Receiver, Appellant.

*February 11— March 1, 1898.*

*Electric street railways: Collision with wagon at crossing: Excessive speed: Negligence of motorman: Evidence: Court and jury.*

1. Where all reasonable probabilities from facts unquestionably established by the evidence are on one side of a controversy, the testimony of an interested party to the contrary does not create a conflict of evidence requiring such controversy to be submitted to and determined by a jury or, if submitted, support their determination, if contrary to all such reasonable probabilities.

2. Thus, in an action for personal injuries received in a collision between an electric street car and the wagon in which plaintiff was driving, where the undisputed evidence showed that neither the car nor the wagon was injured or showed any evidence of the collision, and that after the collision the car was stopped as soon as would have been practicable had it been going at an ordinary rate of speed, plaintiff's testimony that the car was going at a speed of twenty miles per hour is *held* to be incredible and insufficient, of itself, to warrant a jury in finding that the car was going at a negligent rate of speed.

3. The complaint in such case alleged that the motorman was negligent in that he ran into the wagon without giving any signal of the approach of the car by sounding the bell. The evidence showed that he sounded the bell constantly while passing over a distance of about 100 feet in approaching the crossing at which the collision

| | |
|---|---|
| 98 | 559 |
| 99 | 458 |
| 98 | 559 |
| 100 | 145 |
| 101 | 150 |
| 98 | 559 |
| 102 | 633 |
| 104 | 259 |
| 104 | 387 |
| 98 | 559 |
| 105 | 483 |
| 98 | 559 |
| 106 | 72 |
| 98 | 559 |
| 110 | ¹ 60 |
| 110 | ¹345 |
| 98 | 559 |
| 112 | ²142 |
| 98 | 559 |
| 115 | ¹513 |
| 98 | 559 |
| 117 | ¹424 |

occurred; that plaintiff saw the car approaching when his horses' heads were just over the track, and immediately backed them clear of the track and stopped, with them completely under control; that when the car was close at hand the horses became frightened by the bell and the noise and appearance of the car, and jumped forward bringing the wagon in front of the car. There was no evidence that the horses showed symptoms of fright till the instant they jumped in front of the car. *Held*, that there was no warrant for submitting the case to the jury on the claim that there was a negligent ringing of the car bell which caused the horses to become frightened and unmanageable.

4. Actionable negligence on the part of the motorman in such a case is not shown unless it is a reasonable inference from the evidence and circumstances established thereby that the jumping forward of the horses was a natural and probable result of his conduct, and that, as a person of ordinary intelligence and prudence, in the light of attending circumstances, he ought reasonably to have anticipated such result, or some injury to plaintiff, by reason of such conduct.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Action to recover damages for personal injuries. The complaint is to the effect that plaintiff approached defendant's street-car track, located on Second street, in the city of Ashland, Wisconsin, from the south, traveling on a cross street known as "Ninth Avenue West;" that he was riding in a wagon, driving a team hitched thereto; that at the intersection of the streets there was a building on one side and a high bill board on the other, which so obstructed his view that he could not see an approaching car till he was near the track; that the track was about twenty-six feet from the street line; that as he was passing over the track, his horses walking at a rapid rate of speed, a car coming from the west at a great rate of speed, without the motorman giving any signal of its approach by sounding the car bell, struck the wagon and turned it over, throwing the plaintiff out against a curbstone and telephone pole, causing the injuries for which the damages are claimed.

Looking at the evidence in the most favorable light for plaintiff, it is to the following effect: Plaintiff approached the track as alleged. The obstructions to his view existed as claimed. Plaintiff was standing up in his wagon. When the horses' heads were just over the track, plaintiff saw a car approaching from the west. The motorman, at that instant, immediately signaled for a clear track by vigorously sounding his bell. Plaintiff immediately backed his team clear of the track, and then stopped with the horses under complete control. In backing, the team swung a little to the right so as to stand somewhat diagonally to the track. As the car reached a point nearly opposite where the horses stood, they became frightened by the sound of the bell and the noise and appearance of the car, causing plaintiff to lose control of them, whereupon they jumped forward, onto and partially across the track, so as to place the wagon in the pathway of the car. The car instantly struck the wagon near the front end, at which instant plaintiff fell over the side of the wagon box towards the car and let go the lines. Instead of falling to the ground, he caught hold of the wagon box and hung onto it, with his body outside. The horses ran away diagonally across the track and down the street, with plaintiff hanging to the box, and as the hind part of the wagon crossed the track the car collided with it at a point about thirty or forty feet from the first collision. After the horses ran about one hundred feet they passed near a telephone pole on the left hand side of the street so that plaintiff's body collided with the pole, forcing him to lose his hold on the box and fall to the ground. The evidence is undisputed that plaintiff sustained some injuries, and that neither the wagon nor the car was injured or showed any evidence of the collision. There is some conflict in the evidence as to the speed of the car, but looking at that in the most favorable light for plaintiff, it is to the effect that if the car was going at the rate of about eight

miles an hour, it would not have been practicable to have stopped it inside of about fifty feet, and that it actually did stop in going from thirty to forty feet after the car first struck the wagon.

At the close of the evidence there was a motion on the part of the defendant for the direction of a verdict, which was denied, and the ruling duly excepted to. A verdict on the evidence was rendered in plaintiff's favor. There was a motion to set the verdict aside as contrary to the evidence, and for a new trial, which was denied. Judgment was rendered in plaintiff's favor on the verdict, from which this appeal was taken.

For the appellant there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*.

For the respondent there was a brief by *Cate, Sanborn, Lamoreux & Park*, attorneys, and *D. F. O'Keefe*, of counsel, and oral argument by *B. B. Park*.

MARSHALL, J. The question for decision on this appeal is, Does the evidence warrant the verdict and the judgment, under the rule that, if there is any credible evidence in that regard, which, if believed, is sufficient therefor, the ruling of the trial court, refusing to grant a new trial for insufficiency of evidence, will not be disturbed on appeal?

It is apparent at the outset that there was an entire failure to establish the facts pleaded to show actionable negligence. While it is alleged that plaintiff was driving his team across the street railway track at the time of the injury, the evidence shows that the team became unmanageable while standing in a safe position, and jumped forward across the track immediately ahead of the car, so that it was impracticable to stop the car after the team started. The complaint states that the plaintiff proceeded onto the track without observing the coming car, because the motorman failed to signal the approach by sounding his car bell.

The evidence shows that the motorman sounded the car bell constantly while passing over a distance of about 100 feet in approaching the crossing, and the negligence relied on to support the verdict is not failure to sound the bell, but sounding it too much, as the car approached the crossing, so that the noise of the bell, concurring with the noise and appearance of the rapidly approaching car, frightened the team and caused them to become unmanageable and jump onto the track. There is not a scintilla of evidence that the horses, by their appearance, indicated danger of their running away or becoming unmanageable on account of the approach of the car and the noises incident thereto, up to the very time they became unmanageable and jumped forward.

Aside from the evidence of plaintiff that the car was going at a speed of twenty miles an hour, there is no fact alleged in the complaint showing negligence that is supported by evidence, and it cannot be said that plaintiff's testimony as to the speed of the car was credible in the face of the undisputed evidence that neither the car nor the wagon was injured or showed any evidence of the collision, and that the car was stopped as soon as practicable after the collision if it was going at an ordinary rate of speed. Where all reasonable probabilities from facts unquestionably established by the evidence are on one side of a controversy, the testimony of an interested party to the contrary does not create a conflict of evidence requiring such controversy to be submitted to and determined by a jury, or, if submitted, support their determination, if contrary to all such reasonable probabilities. *Badger v. Janesville Cotton Mills*, 95 Wis. 599. It follows that there was no evidence to warrant a jury in finding that the car was going at a negligent rate of speed as it approached the crossing, or for submitting that question to a jury.

Further, in face of the claim of negligence in the com-

Flaherty vs. Harrison.

plaint that the motorman ran the car into plaintiff's wagon and overturned it, without giving any signal of the approach of the car, there was no warrant for submitting the case to the jury on the claim that there was a negligent ringing of the car bell which caused the horses to become frightened and unmanageable, especially when there was no evidence that the horses showed symptoms of fright till the instant they jumped ahead of the car.

Looking at the case in the light of the pleadings and the evidence, it is considered that there was no evidence that the motorman was negligent, and certainly no evidence of actionable negligence, in that there was no room for a reasonable inference from the evidence and circumstances established thereby that the jumping forward of the team was a natural and probable result of the conduct of the motorman, and that, as a person of ordinary intelligence and prudence, in the light of attending circumstances, he ought reasonably to have anticipated such result, or some injury to plaintiff, by reason of such conduct. *Deisenrieter v. Kraus-Merkel Malting Co.* 97 Wis. 279. Before that essential test of actionable negligence the plaintiff's case seems to fail so completely as to lead to the conclusion that it was entirely overlooked by the trial court.

The case of *Eastwood v. La Crosse City R. Co.* 94 Wis. 163, is a far stronger case to sustain a claim of actionable negligence than the one before us, and this court there decided that no such negligence was disclosed by the evidence. The circumstances were that the horses and conveyance were in a place of safety as the car approached; that though exhibiting some evidence of uneasiness, they were under the control of the driver till just as the car was passing them. They then suddenly jumped around and backed the sleigh onto the track, causing the injury complained of. There was no interval between the instant of the backing of the horses and the collision, sufficient to stop the car. The

Flaherty vs. Harrison.

claim was made that the motorman should have observed the uneasiness of the horses and applied the brake to the car so as to control its motion with reference to any danger that existed of the horses' placing themselves or the sleigh in its path.   In deciding the case the court, by Mr. Justice Winslow, said, in substance, that a motorman is not required to apply the brakes whenever he sees a horse in the street, along the track, showing some symptoms of apprehension; to demand that a street car must be slowed up or · stopped every time a horse or a team displays signs of uneasiness, would render it impossible for street-car companies to perform their duty to the public by furnishing speedy transportation of passengers.   All that was said in the opinion on the line indicated applies most strongly to the facts of this case, because there is no evidence here of the fright of the team till the instant they jumped onto the track, and the plaintiff testified that they were under his control till that instant.   The ruling in *Bishop v. Belle City St. R. Co.* 92 Wis. 139, is also decisive of this case, though the facts there do not make its application quite. as well defined as that of *Eastwood v. La Crosse City R. Co., supra.*

It follows from the foregoing that the defendant's motion, made at the close of the evidence, for the direction of a verdict should have been granted, and that the motion to set aside the verdict as contrary to the evidence should have been granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

Authorities as to the frightening of a horse by a street car are collected in a note to *Doster v. Charlotte St. R. Co.* (117 N. C. 651), in 34 L. R. A. 481.— Rep.