ANNA C. LARSON v. MINNEAPOLIS & ST. LOUIS RAILROAD
COMPANY.[1]

February 7, 1902.

| 85 | 387 |
| 86 | 508 |

Nos. 12,794—(104).

**Railway—Injury to Passenger—Question for Jury.**

In an action by a passenger on a railway train for damages on account of personal injuries sustained while attempting to alight from the car, held, that it was a question of fact for the jury whether the defendant was guilty of negligence in announcing the station and opening the car doors, and then immediately stopping the train at a railway crossing, without warning the passengers in some practical way that the first stop would be at the crossing; and, further, that the question of the plaintiff's contributory negligence in the premises was also one of fact for the jury.

Action in the district court for Freeborn county to recover $20,000 for injuries sustained by plaintiff in alighting from defendant's passenger train while in motion. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of plaintiff for $4,166.66. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, and from a judgment entered pursuant to the verdict, defendant appealed. Order and judgment affirmed.

*Albert E. Clarke,* for appellant.

*H. H. Dunn* and *Morgan & Meighen,* for respondent.

START, C. J.

Action to recover damages for personal injuries sustained by the plaintiff by falling or throwing herself from the steps of one of the defendant's cars while it was in motion. At the close of her case the defendant rested without offering any evidence, and moved the court to direct a verdict in its favor. The motion was denied, the defendant excepting, and the case submitted to the jury, and a verdict returned for the plaintiff. The defendant then made an alternative motion for judgment notwithstanding the verdict, or

[1] Reported in 88 N. W. 994.

for a new trial. The trial court made its order denying the motion, and judgment was entered on the verdict for the plaintiff, and defendant appealed from the order and the judgment.

The defendant urges two general reasons in support of its claim that, as a matter of law, it was entitled, upon the evidence, to judgment in its favor. They are: (a) There was no evidence to justify the submission to the jury of the question of the defendant's alleged negligence; (b) the evidence conclusively shows that the plaintiff was guilty of contributory negligence.

The evidence, although inconsistent in some particulars, tended to establish these facts: The plaintiff on the afternoon of March 28, 1900, was a passenger on the defendant's passenger train, in a car other than the rear one, from Albert Lea to Waseca. At the latter place the defendant's track runs north and south, and there crosses the track of the Winona & St. Peter Railway Company nearly at right angles. The two companies have here a joint passenger station facing the platforms on both tracks. The defendant's train here in question was approaching the station from the south, and some twenty-five feet south of the station platform it was necessary for it to cross the track of the other railroad, and to come to a full stop at a point not less than ten rods from the crossing. G. S. 1894, § 2706. The plaintiff had no knowledge of the location of the tracks, the crossing, the station house, or the platforms. It was snowing and the wind blowing as the train approached the station, and the car windows were so obscured thereby that passengers could not look out and learn when the platform and station were reached. It was, however, daylight, and there was practically no difficulty in seeing when a person was once outside and clear of the car. As the train approached the crossing the brakeman called out, "Waseca,"—the name of the station at which the plaintiff was to leave the car,—and at the same time the car doors were opened, and so left. The plaintiff, from this announcement and act, assuming that when the car stopped it would be at the station platform, arose from her seat, with a bundle under her left arm, gloves in her left hand, and her valise in her right hand, and walked out to the rear platform of her car, which came to a stop. She then turned to her right, which was

in fact the opposite side from the station platform.   The platform and steps of the car were slippery, by reason of snow and ice thereon and for this reason she did not look up and out, but looked down to the platform and her feet, so as not to step on the slippery places.   Just as she was placing her feet on the second step below the platform the train started up, but this did not materially disturb her equilibrium.   She then noticed that there was no depot or platform, and she thought that the train had pulled by them.   She became frightened and dizzy, and as she was falling by reason thereof she jumped or threw herself from the steps, clear of the car, so that she would not fall under it.   She was seriously, if not permanently, injured by the fall.   While the evidence would have justified the jury in finding a state of facts more favorable to the defendant, yet the facts as here stated are fairly sustained by the evidence.

1. Was the evidence in this case sufficient to take the case to the jury on the question whether the defendant was guilty of negligence which was the proximate cause of the plaintiff's injury? The question must be, and is, answered in the affirmative.   Counsel for the respective parties have cited and carefully analyzed a number of well-considered cases on the question of the negligence of railroad companies in calling a station, and then, without warning to passengers, stopping the train before reaching the station.

It is, however, unnecessary to refer to the cases, or attempt to lay down any general rule in the premises; for the particular facts of this case manifestly make the question of the defendant's negligence one of fact for the jury.   This is not a case where the defendant, by its employees, in broad daylight, simply announced the name of the station the train was approaching, and then stopped the train before reaching the station at a crossing as required by law, as defendant's counsel seems to assume that it is.

On the contrary, the evidence is such as to justify the jury in finding that it is a case where the defendant not only announced the next station, but at the same time opened both doors, and without warning to its passengers that the first stop would be at the crossing, and the second one at the station, brought its train to a full stop at the crossing.   It then knew, or ought to have known, in

the exercise of reasonable care, that the car windows were so obscured that persons unacquainted with the local surroundings could not learn of them until they were outside of the car, and that in all probability there were such passengers aboard who must necessarily rely upon its apparent invitation to leave the car as soon as the train stopped. The announcement and acts of the defendant without any caution were, under such circumstances, an implied invitation and assurance to the plaintiff that she could alight in safety as soon as the train came to a full stop. Acting upon this, she found herself in a position of peril when the train commenced to move again. Such acts and omissions of the defendant justify the inference that it was guilty of negligence which was the proximate cause of her being in a place of danger, and, if she was not guilty of contributory negligence, the proximate cause of her injury.

2. It is the contention of the defendant that the plaintiff was, as a matter of law, guilty of contributory negligence, in these particulars: (1) In starting to go down the steps without looking to see whether the train had reached the proper stopping place, and whether it was standing at a place where she could alight with safety. (2) In attempting to leave the train with her hands and arms so filled with packages that she could not take proper precautions to insure her own safety. (3) In standing upon the steps of the car, with the knowledge that the train was moving; believing at the time that she had been carried past the station. (4) In failing to return to the car when she discovered the train was not at the station, but was moving ahead. (5) In jumping from the train, instead of returning to the car or sitting down on the steps.

It is easy to be wise after the fact, but this is not a case for the exercise of post factum wisdom. The conduct of the plaintiff is to be judged by the facts as they appeared to her at the time she was injured. Was she negligent, as a matter of law, because she looked down to the platform and its steps to avoid slipping on the snow and ice, instead of looking for the station at which she had reason to believe the train had stopped? If she had so looked, and paid no attention to the condition of the steps, and she had slipped

and fallen by reason of the ice, could not the defendant have insisted with greater reason that she was negligent in not looking to see where she was placing her feet, instead of looking up and out for the station platform? Would a reasonably prudent woman have left behind her hand parcels and baggage, because with them she could not take proper precautions to insure her safety? Does it lie in the mouth of railroad companies, who have by long acquiescence sanctioned the custom of passengers taking such parcels and baggage into the cars, to say that it is absolutely negligent for passengers to attempt to alight with them in their hands? Was she thus negligent, when frightened, confused and dizzy, in not acting calmly and discreetly, by returning to the car or sitting upon the steps, instead of throwing herself free of the cars when in the act of falling?

These were all questions of fact for the jury, and, if they believed the plaintiff's testimony, the evidence sustains their answers to them. Her testimony was neither so inconsistent nor improbable as to justify us in interfering with their verdict. It follows that the defendant was not entitled to an instructed verdict.

Order and judgment affirmed.