JUDITH E. PLAUNT v. RAILWAY TRANSFER COMPANY OF CITY
OF MINNEAPOLIS.[1]

June 27, 1902.

Nos. 12,923—(87).

### Personal Injury—Passing Round Train Standing at Crossing.

In an action for personal injuries, evidence tended to show that plaintiff, while approaching a railway crossing over a city highway, found it obstructed by an engine attached to a bunch of cars; that the engineer assured plaintiff that he would hold the engine until after she had passed around it,' but at the moment plaintiff stepped upon the track, on acting upon such assurance, the engineer started it towards her, when, through fear of being run upon, she hurried forward, and fell upon the rails, receiving injuries thereby. *Held*:

1. That the plaintiff was not, as a matter of law, guilty of contributory negligence.

2. That it was a question of fact whether the unexpected movement of the engine justified plaintiff in going forward, instead of turning back.

3. That it was a question of fact whether the starting of the engine was the proximate cause of the accident.

4. That the trial court erred in dismissing the case.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, J., denying a motion for a new trial. Reversed, and new trial ordered.

*Philip Gilbert* and *F. H. Ewing*, for appellant.

*Albert E. Clarke*, for respondent.

LOVELY, J.

Action to recover for injuries sustained by plaintiff in falling upon the rails of defendant's tracks while passing over the same at a city street crossing. When plaintiff rested her case, the court ordered a dismissal upon defendant's motion. This is an appeal from an order denying a new trial.

The evidence reasonably tended to show that, on an exceedingly cold day in the winter of last year, plaintiff and her husband were walking upon Sixth avenue south, in the city of Minneapolis, approaching the highway passing over defendant's railway, intending

[1] Reported in 91 N. W. 19.

to cross at that place. The street at this locality is occupied by tracks used by defendant for switching and moving cars. On the second of these tracks, from the side on which plaintiff approached, there was a bunch of freight cars, attached to an engine; the engine pilot being placed next to the cars. Plaintiff, on reaching the crossing, found the passage thus obstructed. Both she and her husband remained standing in the cold for nearly ten minutes, during which time the cars were being continually moved back and forth so as to impede her way. The engineer inquired if plaintiff was cold. Plaintiff responded that she "was never so cold in her life." The engineer then said he would hold the engine until she could go over. Plaintiff and her husband then started to go around the tender, a few yards up the track; she moving somewhat ahead of her husband. When she reached a point six feet from the tender, she turned and attempted to cross. As she placed her foot upon the track on which the engine was standing, she heard a noise from the bell, escape of steam, and sounds as if the engine was moving. She became frightened, and, through fear that she would be run upon, hurried forward, and, in her precipitancy, stumbled, caught her foot, fell on the track, and received substantial injuries. Plaintiff's husband, as soon as she fell, rushed forward and pulled her from the track at the same instant the engine and tender moved over the place where she had attempted to cross.

Upon this state of the facts, the only question we are called upon to determine on this review is whether the cause should have been submitted to the jury. From the evidence summarized above, if defendant, in disregard of the promise by the engineer, was negligent in moving the engine over the place where plaintiff attempted to cross the track, and if plaintiff was herself in the exercise of ordinary care, the trial court was in error in withholding the issues thus presented from the jury. It seems very clear to us that plaintiff had a right to rely upon the express assurance of the engineer that he would hold the engine until she could go to the opposite side of the obstructed crossing. The evidence tends to show that this promise to hold the engine, upon which plaintiff had a right to rely, was disregarded. Plaintiff heard the noise

occasioned by its movements, and signals indicative of peril to her, which might naturally have occasioned fright, thus agitating her judgment; and, in her efforts to avoid accident, she fell upon the ground.

Defendant urges here that it was the duty of plaintiff, as soon as she heard the sound of the moving engine, to retrace her steps immediately and get out of its way. We cannot so decide. It was for the jury to say, under all circumstances, whether she was bound to take this course. As stated in Larson v. Railroad Co., 85 Minn. 387, 88 N. W. 994: "It is easy to be wise after the fact, but this is not a case for the exercise of post factum wisdom. The conduct of the plaintiff is to be judged by the facts as they appeared to her at the time she was injured." It does not seem to have been an unreasonable ground for apprehension, which may have been occasioned by the ominous sound of the approaching engine, in disregard of the engineer's promise, that she was in danger of being injured. The result shows that, had she remained upon the track but a moment longer, she would have been run upon; and if, in turning back, she had slipped and fallen, the defendant could with the same propriety say she was negligent, as well as in going forward. Under the circumstances, the plaintiff cannot now be held to have pursued the wisest course which the light of subsequent events and afterthought approves, but, rather, what a person of ordinary prudence would have been likely to have done in the situation as it appeared at the time. Carroll v. Minnesota Valley R. Co., 14 Minn. 42 (57); Oddie v. Mendenhall, 84 Minn. 58, 86 N. W. 881. Under the facts as above stated, it seems clear that it was a question for the jury whether the starting of the engine was the proximate cause of the accident, as well as whether plaintiff failed to exercise due care in the premises.

The order appealed from is reversed, and the cause remanded.