JUDITH E. PLAUNT v. RAILWAY TRANSFER COMPANY OF CITY OF MINNEAPOLIS.[1]

November 20, 1903.

Nos. 13,594—(93).

**Reduction of Verdict.**

A verdict in a personal injury case was reduced by the court below, upon hearing a motion for a new trial, from $600 to $150. *Held:*

1. That on the testimony the verdict, as rendered, was not excessive in amount.

2. That to warrant so great a reduction the court must be justified in believing that the verdict was the result of passion and prejudice. When the trial court reaches such a conclusion, it is its duty to set aside the verdict altogether and to grant a new tr__

[1] Reported in 97 N. W. 433.

Action in the district court for Hennepin county to recover $5,000 for personal injuries. The case was tried before Pond, J., and a jury which rendered a verdict in favor of plaintiff for $600. From an order denying a motion for a new trial provided plaintiff should consent to a reduction of the verdict to $150, plaintiff appealed. Reversed, and judgment ordered for plaintiff upon the verdict.

*Philip Gilbert* and *F. H. Ewing,* for appellant.

*Albert E. Clarke,* for respondent.

COLLINS, J.[2]

The opinion of this court on a former appeal of this case is reported in 86 Minn. 506, 91 N. W. 19. The facts on which plaintiff relied, as there stated, were again presented to a jury, and the verdict was in favor of the plaintiff for $600. This was reduced upon a motion for a new trial to the sum of $150, on the ground that the damages were excessively assessed by the jury. Plaintiff refused to accept the order of the court, and thereafter appealed.

We have examined the testimony carefully. The plaintiff sustained a fracture of the bones of the wrist, was under a doctor's care for several weeks, and made daily visits to his office for three weeks. During this treatment she suffered more or less pain, and her arm thereafter remained in a weak condition; and she testified that the pain and weakness continued up to the date of the trial, which was about three years after the accident. She also testified that she obtained a lucrative position after a partial recovery, but was not able to retain the same, and was compelled to give it up because of her inability to perform the work with the weak arm; further, that she was unable to do her housework; for the same reason, and was obliged to break up housekeeping. The only testimony affecting this was that of the doctor, who stated that the recovery was complete, with a four-week treatment. Under such circumstances, the verdict for $600 was not so excessive as to call for any radical interference or reduction. The diminution was so great that we are obliged to infer that the court below was of the opinion that the verdict was the result of passion and prejudice. It certainly was if the reduction was proper,

[2] START, C. J., absent, sick, took no part.

and, if this be true, the verdict should have been set aside altogether, and a new trial granted.

The order appealed from is reversed, and the case remanded, with instructions to enter judgment upon the verdict as rendered.

[1] Reported in 97 N. W. 140.

[2] START, C. J., absent, sick, took no part.