ELLIS, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*February 23—March 22, 1904.*

*Railroads: Negligence: Injury to passenger alighting from train: Improper place to stop: Evidence: Setting aside verdict: Appeal: New trial.*

1. It is actionable negligence for a railway company to stop a train in the nighttime in such a position with reference to the depot platform that passengers alighting, especially women, are compelled to step down, without any intermediate rest, without sufficient light to enable them to observe their surroundings, and without assistance, from the lower step of the car to the surface of the ground, a distance so great as to imperil personal safety.

2. In an action for injuries alleged to have been sustained under such circumstances, the evidence being conflicting and there being no fact within common knowledge and no undisputed fact rendering entirely unworthy of belief the plaintiff's testimony that she did not leave her seat to alight from the car until the train had stopped, it was error for the trial court to set aside a special finding by the jury in accordance with such testimony and to dismiss the complaint on the ground that plaintiff left the train while it was still in motion.

3. Where the facts found in a special verdict entitle the plaintiff
    to judgment but the trial court, by a misapplication of legal
    principles to the evidence, set aside the verdict and gave judg-
    ment for defendant, the supreme court, on reversing that judg-
    ment, will direct a judgment for plaintiff without a new trial.

APPEAL from a judgment and order of the circuit court
for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

Action for damages for personal injuries. The charge in
the complaint is to this effect: August 29, 1902, plaintiff
was a traveler on one of defendant's regular passenger trains
due from the north at Corliss at about 8 o'clock p. m., where
she purposed changing cars for Racine. The night was
dark. As the train neared the station one of defendant's
servants announced the fact and opened the vestibule door
of the car in which plaintiff was riding, in order to enable
passengers therein to alight. When the car stopped the open-
ing thus provided was not at the platform nor where there
was a light to enable passengers to conveniently and safely
alight. Plaintiff proceeded to leave the car, not appreciat-
ing the situation. It was about three feet from the lower
step of the car to the ground. The ground was rough and
stony. As she stepped off the car, miscalculating the dis-
tance to the ground, she lost her balance and fell upon the
stony surface aforesaid, severely injuring her.

The answer put in issue all allegations of the complaint
respecting negligent conduct on the part of defendant's serv-
ants.

There was evidence on plaintiff's part sustaining the alle-
gations of her complaint as to there being no platform where
she left the train, no light to enable her to see the surround-
ings, no person to assist her, and the lower step of the car
being so far from the ground as to be likely to cause a person
circumstanced as she was to fall in trying to leave the same;
and that the ground was rough and stony so that if a person
fell thereon a personal injury would be likely to follow.

There was evidence on defendant's part that the car opening, when plaintiff testified she alighted, was at the platform and that she was in fact injured by leaving the car some time before it reached the stopping place.

The jury found: (1) Defendant failed to provide a safe and convenient place for passengers to alight on the occasion in question. (2) Defendant failed to provide a suitable light to enable passengers to safely leave the cars. (3) Defendant failed to provide suitable assistance to enable passengers to safely alight from the cars on the occasion in question. (4) The forward end of the coach in which plaintiff was a passenger was not opposite the depot platform when the train stopped. (5) Plaintiff did not alight from the car before it stopped at the station. (6) The proximate cause of the plaintiff's injury was the negligence of the defendant as found. (7) Plaintiff was not guilty of any want of ordinary care which contributed to produce her injuries. (8) Plaintiff was damaged to the extent of $600.

On motion of defendant's counsel the court set aside findings 1 to 7 inclusive, and rendered judgment dismissing the complaint with costs.

For the appellant there was a brief by *Gittings & Burgess,* attorneys, and *Wallace Ingalls,* of counsel, and oral argument by *Mr. Ingalls* and *Mr. Roy Burgess.*

For the respondent there was a brief by *H. H. Field* and *Thomas M. Kearney,* and oral argument by *Mr. Kearney.*

MARSHALL, J.    It seems that the decision of the trial court went upon the theory that all reasonable probabilities from the evidence indicated that appellant left the train while it was in motion and that when it stopped the opening made ready for her was at the depot platform.    To sustain the judgment counsel for respondent confidently refer to *Flaherty v. Harrison,* 98 Wis. 559, 74 N. W. 360; *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179; *O'Brien*

*v. C., St. P., M. & O. R. Co.* 102 Wis. 628, 632, 78 N. W. 1084; *Wunderlich v. Palatine F. Ins. Co.* 104 Wis. 395, 80 N. W. 471; *Stafford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 345, 85 N. W. 1036, and similar cases. Doubtless the learned trial court supposed that upon the evidence such cases were controlling. That was error, as we will briefly show.

Here there is no dispute that when appellant left the train the door of the vestibule where she made her exit was not at the depot platform, and there is no serious dispute that if she testified to the truth she was entitled to recover. There was some testimony corroborating hers. There was much evidence that her story was false and that she received her injury by leaving the train before it stopped. The right of the matter depended upon whether her evidence was worthy of belief in any reasonable view thereof. There was no circumstance established beyond reasonable controversy by means of which the truth of it could be tested so as to leave no reasonable doubt in respect thereto. There was a sharp conflict between the evidence upon one side and that upon the other, as the same fell from the mouths of witnesses. The rule invoked does not apply to such a situation, as will readily be seen. It is as well stated in *O'Brien v. C., St. P., M. & O. R. Co. supra,* as in any of them, in this language:

"If the truth of the proposition be not within the range of probabilities, in the light of reason and common sense, in view of facts of common knowledge or facts established in the case beyond reasonable controversy, then evidence of the existence of the fact involved does not prove such existence or tend to prove it."

"If the evidence of plaintiffs in this case, taking the most favorable view it will reasonably bear, including all reasonable inferences therefrom, assuming that it establishes all that it tends to establish when viewed in the light of undisputed facts, would support a verdict in plaintiffs' favor, then the case should have been submitted to the jury for decision,

and we should say that the evidence is sufficient for such verdict if, in view of conceded or undisputed facts on plaintiffs' evidence, there is room for unbiased minds to reasonably differ as to where the truth lies, not regarding, in reaching that result, mere conjecture or possibility."

Thus it will be seen that the element of facts within common knowledge or conceded or undisputed facts, may furnish a test of the truth of evidence from the mouths of witnesses, so certain in its character as to leave no reasonable probability to the contrary upon which an honest verdict can be based. In such circumstances the unimpeached and unimpeachable circumstance so within common knowledge or so established or conceded, condemns all evidence in conflict therewith, in form as false. So it was said, in effect, in *Cawley v. La Crosse City R. Co.* 101 Wis. 145, 77 N. W. 179, that since it is a matter of common knowledge that a person possessed of unimpaired sense of sight can and must necessariliy see all objects in his immediate vicinity if he directs his attention thereto, his testimony that he did so and yet did not see such objects must necessarily be false. In *Flaherty v. Harrison,* 98 Wis. 559, 74 N. W. 360, the plaintiff testified that the street car which collided with his wagon was going at a speed of twenty miles an hour; that, going at such speed, the collision took place before he had an opportunity to avoid it. The fact was undisputed that neither the car nor the wagon, after the accident, showed any evidence thereof, and that the car was stopped in such a short distance after the collision as to be inconsistent with its going at more than an ordinary rate of speed shortly before the contact. In that situation the court said:

"Where all reasonable probabilities from facts unquestionably established by the evidence are on one side of a controversy, the testimony of an interested party to the contrary does not create a conflict of evidence requiring such controversy to be submitted to a jury."

In this case, as before suggested, there was no fact within common knowledge, and no conceded fact, and no fact established beyond reasonable controversy, rendering the evidence of plaintiff that she did not leave her seat to alight from the car, nor alight therefrom, till it stopped, entirely unworthy of belief. The only circumstance in that regard claimed by respondent is the severity of appellant's injuries. True, it is not easy to reconcile that with the car being at rest when she stepped therefrom, but it is more difficult, it seems, to reconcile the circumstance that she was not more severely injured with the idea that she stepped from the car when it was several hundred feet from where it stopped and was going so fast that in the fall her hat and some other articles of her property became separated from her person by 120 feet. In short the truth of the matter was determinable only by weighing the evidence on the part of appellant against that on the part of respondent, with no undisputed circumstance to throw into the balance on either side. In that situation a verdict might rest upon the uncorroborated evidence of the plaintiff if the jury under all the circumstances deemed the same to outweigh the evidence on the part of defendant so as to produce conviction to a reasonable certainty, as to the truth respecting the proposition involved.

The trial court having reached the conclusion complained of by a misapplication of legal principles to the evidence, a new trial is unnecessary. The judgment appealed from, and the intermediate order setting aside the answers to the special questions, should be reversed and judgment rendered upon the verdict in favor of plaintiff. The facts found by the jury show actionable negligence. We cannot doubt that it is negligent for a railway company to stop its train on a dark night in an unlighted locality for passengers to alight therefrom, when in order to do so they must necessarily step down a distance so great as to imperil personal safety. Reasonable care for the convenience and personal safety of

patrons of railway passenger trains demands that in boarding or alighting from cars they shall be afforded an opportunity to step from the depot platform to the lower step of the car or from such step to such platform, or that some convenience in lieu of a platform be furnished, and that in the nighttime the way to and from the cars be sufficiently lighted to enable them in the exercise of ordinary care to observe, reasonably, their surroundings. To stop a train where persons, especially women, are compelled to pass from the lower step of the car to the surface of the ground without any intermediate rest is improper at any time, and actionably so under the circumstances testified to by appellant in this case and found by the jury.

*By the Court.*—The judgment and order upon which it is based are reversed, and the cause is remanded with directions to render judgment in favor of the plaintiff upon the verdict.