# LETTIE POWERS v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

July 2, 1909.

Nos. 16,118—(172).

**Evidence Insufficient for Jury.**
    Evidence considered, and *held*, that it was not sufficient to take the case

[1] Reported in 121 N. W. 897.

to the jury on the question whether the defendant directed the plaintiff, who was a passenger on its railway train, to leave the car before it stopped at the station platform.

Action in the district court for Wabasha county to recover $1,900 for personal injuries. The case was tried before Snow, J., who directed a verdict for defendant. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

*Henry W. Morgan,* for appellant.

*F. W. Root* and *John W. Murdoch,* for respondent.

START, C. J.

On the evening of November 29, 1907, at about eight o'clock, the plaintiff was a passenger on the defendant's passenger train from Wabasha to Lake City. When the train was within two blocks of the station at Lake City, and while it was moving, the plaintiff, believing that it had stopped, was injured while alighting therefrom by being thrown to the ground. This action was brought in the district court of the county of Wabasha to recover damages for her injuries. At the close of the evidence the court, on motion of the defendant, directed a verdict for the defendant, and the plaintiff appealed from an order denying her motion for a new trial.

The basis of the plaintiff's cause of action as alleged in her complaint is that the defendant negligently directed her to alight from the moving train, which by reason of such direction she believed had stopped, and in attempting so to do she was injured. The only question for our consideration is whether the evidence, taking the most favorable view of it for the plaintiff, fairly tends to establish the allegation of the complaint that defendant directed the plaintiff to get off the train when it was moving.

The most favorable evidence for the plaintiff is her own testimony, which, so far as it related to the issue whether the defendant directed her to get off the train when it was in motion, was as follows: "Q. What did he [the porter] do, if anything? A. Well, he walked down the aisle past us and opened the door, and I thought the train had stopped, and I walked down to the door and asked him— Q. No; what did he do after he opened the door, or say? A. Well, he called 'Lake City.' * * * Q. And he opened that door

onto the platform of the car and called 'Lake City'? A. Yes. Q. What did you do? A. Well, I got up. Q. Right away? A. Yes; I got up right away. I thought that— Q. How long, if any, time elapsed between the time he called 'Lake City' and the time when you got up? A. Well, I don't think there was very many minutes. It wasn't very long from the time he called 'Lake City' until I got up from my seat. I had a grip. I carried that down to the door, and I asked him which side I would get off at, and he put his hand and directed me the side to get off.   *   *   *   Q. How did he direct you? A. Well, he motioned with his hand which side I should get off at. Q. To which side did he motion with his hand? A. The depot side.   *   *   *   Q. What did you do? A. I went right off; went down and stepped off. Q. Where was he when you stepped off? A. He was standing at the door when I stepped out of the car. Of course, I don't know how long he stayed there. Q. Where was he standing when he motioned his hand in response to your question? A. Right opposite the door. Q. Had the train stopped, or was it still going? A. The train was still going, but I could not tell that it was going. It was moving very slowly and very smooth.   *   *   *   Q. Did you say you thought it had stopped? A. I thought it had stopped, certainly."

It is the claim of plaintiff's counsel that it was the province of the jury to determine whether the words and acts of the porter imported a direction to get off the train before it stopped. Such would be the case, if his words and acts were fairly susceptible of more than one meaning; but it is clear from her testimony that the porter did not direct her to then get off the moving car. To the specific question of her counsel, "How did he direct you?" she answered, "Well, he motioned with his hand which side I should get off at." This answer makes it clear that by the word "directed," in her previous answer, she meant that he motioned to her the side to get off. The acts and words of the porter in answering the plaintiff cannot reasonably be construed as a direction or suggestion, express or implied, to her to get off the train when it was in motion.

The case of Larson v. Minneapolis & St. L. R. Co., 85 Minn. 387, 88 N. W. 994, is not here in point. In that case the doors of

the car were opened, the station announced, and then, without warn-ing to the passengers that the first stop would be at a railroad cross-ing and the second one at the station, the car was stopped at the crossing, and upon the particular facts of that case it was held that the question of the defendant's negligence was one of fact. The opening of the door of the car and announcing the station in this case was not an invitation to get off the car before it stopped at the station platform, but the usual notice to passengers that when the train stopped it would be at the station named.

We are of the opinion that the evidence in this case was clearly insufficient to sustain a finding that the defendant was guilty of negligence as charged in the complaint, and that the trial court correctly directed a verdict for the defendant.

Order affirmed.