# C. S. BURNSIDE v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

April 15, 1910.

Nos. 16,501—(57).[2]

Contributory Negligence — Reduced Verdict not Excessive.

Plaintiff was riding in a caboose in the defendant's freight train as a caretaker of stock which was being shipped in the same train. The train stopped at a regular station. He told the conductor that he wanted to look at his stock before the train left, and was answered that there was not time, but that the train would back up for water, and that he would then have plenty of time to look after his stock. When the engine stopped at the water tank, the plaintiff's caboose stood on a trestle twenty-three feet above the ground, of which he was ignorant, as it was so dark there he could not see the trestle. Supposing that he was going to step upon the ground he made no investigation. He stepped off the caboose, and in doing so he lost his hold and fell through the trestle to the ground, whereby he was seriously injured. He had a verdict for $8,500, which the trial court, with his consent, reduced to $5,500. *Held*, that the question of his contributory negligence was one of fact, and that the verdict as reduced is not excessive.

Action in the district court for Ramsey county to recover $25,000 damages for personal injuries. Defendant in its answer alleged plaintiff's injury was due to his failure to exercise proper care for his own safety. The case was tried before Hallam, J., and a jury which returned a verdict in favor of plaintiff for $8,500. Defendant's motion for judgment in its favor notwithstanding the verdict was denied, and its motion for a new trial, provided plaintiff consented to a reduction of the verdict to $5,500, was denied. From the judgment entered upon the reduced verdict, defendant appealed. Affirmed.

*W. H. Bremner, Eugene Bryan* and *George W. Seevers,* for appellant.

*Ayers & McDonald* and *F. E. Clinite,* for respondent.

[1]Reported in 125 N. W. 895.          [2]April, 1909, term calendar.
110 M.—26.

STAROT, C. J..

Appeal by the defendant from a judgment, based on a verdict for the plaintiff, of the district court of the county of Ramsey, in this, a personal injury action. There was on the trial but little conflict in the evidence as to the primary issues as to the alleged negligence of the respective parties.

The evidence is sufficient to sustain a finding by the jury of the following evidentiary facts: Plaintiff was a shipper of stock, and on February 25, 1908, he was shipping three carloads of cattle from South Dakota to Illinois in a train over the defendant's railway line. He accompanied the stock as caretaker and was entitled to transportation in a special caboose, which was located in the train directly in front of the regular caboose. The train, with the cattle, reached and stopped at Morton, this state, about eight o'clock p. m. Plaintiff, with others, got off the train for supper. When he returned, his train with his caboose was standing in front of the station. The conductor was standing on the platform of the caboose, and the plaintiff said to him that he wished to examine his stock before the train pulled out. The conductor replied that he could not do so then, but that the train would back up for water and coal, and that he would then have time to see his stock. He then got onto the caboose, and the train backed up and stopped with the engine at the water tank, which left the plaintiff's caboose on a trestle some twenty-three feet above the ground, of which fact the plaintiff had no knowledge, as it was so dark where the caboose stood that he could not see the trestle. He was not familiar with the location. When the train stopped, the plaintiff, for the purpose of examining his stock, got up and walked to the steps of the caboose, and, supposing that he was going to step upon the ground, he made no investigation. He stepped down from the caboose, and in doing so lost his hold and fell through the trestle to the ground below, whereby he was seriously injured. The jury, by their verdict for the plaintiff, necessarily found from such evidentiary facts the ultimate fact that the defendant was guilty of negligence, and that the plaintiff was not guilty of contributory negligence.

1. The first contention of the defendant to be considered, is that

the finding of the jury that the plaintiff was not guilty of contributory negligence is not only manifestly against the weight of the evidence, but that the evidence is practically conclusive that he was guilty of such negligence as a matter of law. If what took place between the plaintiff and conductor, with reference to the plaintiff leaving the caboose for the purpose of looking after his stock when the train should stop for water, were eliminated from the record, there would be a substantial basis for the defendant's contention. But what the conductor said to the plaintiff as to stopping the train for water and his opportunity then and there to look after his stock is an important factor in the determination of the question whether he exercised ordinary care under all the circumstances of the case.

In the case of Farrell v. Great Northern Ry. Co., 100 Minn. 361, 111 N. W. 388, 9 L.R.A.(N.S.) 1113, which is here relied upon by the defendant, the plaintiff was told by the conductor that the next stop would be St. Cloud, and that if he then got out as soon as the train stopped he would have plenty of time to go back to the car which was carrying his live stock. The train slackened speed as it approached a railway junction at the easterly end of the bridge over the river opposite St. Cloud. Hearing the whistle, and supposing that the train had arrived at St. Cloud, the plaintiff got out upon the ground. The train stopped. While he was getting into his own car, a sudden jerk of the train threw him off, and he was injured. He relied only on what the conductor told him, and paid no attention to the surroundings, although he knew he was on a high fill. The buildings in St. Cloud were in plain sight, and the place at which he alighted showed that it was wholly unused for the departure or arrival of trains, and a most casual vision of his surroundings would have shown him that the train had not reached St. Cloud. He was held guilty of contributory negligence. It is quite obvious that the Farrell case by reason of its special facts is clearly distinguishable from this one, and that it is not here in point.

The evidence in this case was sufficient to sustain a finding by the jury that the statement of the conductor was at least an implied assurance that the place where the train would stop for water was a reasonably safe one for him to alight for the purpose of examining

his stock. The statement was naturally calculated to create confidence on his part that he could alight from the train at the place designated by the conductor in safety. While this assurance of the conductor would not relieve the plaintiff from the duty of exercising ordinary care in alighting from the train, yet, in determining the question, whether under all the circumstances of this case he did exercise such care, the assurance of the conductor must be taken into consideration. Stegner v. Chicago, M. & St. P. Ry. Co., 94 Minn. 166, 102 N. W. 205; Holden v. Great Northern Ry. Co., 103 Minn. 98, 114 N. W. 365.

We are of the opinion that the question of the defendant's contributory negligence was one of fact, and that the finding of the jury thereon is sustained by the evidence.

2. The only other assignment of error urged in the brief of counsel is that the damages are excessive. The verdict was for $8,500, which was reduced by the trial court to $5,500 on the defendant's motion for judgment or a new trial. The defendant urges that, as reduced, the damages are excessive. The evidence on behalf of the plaintiff as to his injuries is to the effect that by reason of his fall he suffered intense pain; that he passed blood from his bladder for four days and from his bowels for four months; that his right shoulder was dislocated and some of the bones thereof broken, and the ligaments of the shoulder torn; that at the trial, about a year after the accident, he could not raise his right arm to the level of his shoulder, and his right hand was swollen and his right shoulder lower than the left; that he suffers pain when he uses his right arm and when it is exposed to the cold; and, further, that there can be no complete recovery for two or three years, if at all, and only then by his submitting to a long and painful treatment. This evidence indicates that the damages as reduced are only fairly compensatory. The trial court did not abuse its discretion in denying the defendant's motion for a new trial upon condition that the plaintiff consent to the reduction, which he did.

Judgment affirmed.