# LOUIS J. FOX v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

May 29, 1913.

Nos. 17,983—(83).

**Negligence toward passenger — evidence.**

1. There was evidence showing that as a train of defendant was entering Mankato after dark, the brakeman came through the car in which plaintiff was a passenger, called "Mankato" twice, then opened the door and fastened it open, opened the vestibule door, came into the car and called "Mankato" again, and that, in the meantime, the train was slowing down and finally stopped. The train was in fact several blocks from the depot platform. After passengers had gone to the platform and steps of the car,

[1] Reported in 141 N. W. 845.

---

Note.—For injuries in getting on and off railroad trains generally, see note in 21 L.R.A. 354.

On the question of the measure of care owed to passengers wishing to leave street car which has stopped, but not for the purpose of allowing passengers to alight, see note in 3 L.R.A.(N.S.) 94.

As to presumption of negligence from sudden start, stop, jolt, or jerk of car, see note in 13 L.R.A.(N.S.) 611.

As to what injuries may be deemed the proximate result of discharging passenger at improper place or one not his destination, see note in 7 L.R.A.(N.S.) 1177.

Upon the duty of a carrier to prevent minor passenger from alighting from moving car, see note in 17 L.R.A.(N.S.) 101.

the train, without warning, started again. The evidence sustains a finding of negligence on the part of defendant.

**Same — proximate cause of injury.**

2. Plaintiff was a passenger in this coach with his child three years old. When the station was called and the doors opened he went to the platform with the child, and when the train stopped started to descend the steps. He was familiar with the locality but said that, by reason of the conduct of the brakeman, he paid but little attention to it. When they reached the second step the train started. The child jumped or fell from the train and was injured. The evidence sustains a finding that the negligence of defendant was the proximate cause of the injury.

**Parent's contributory negligence.**

3. The question whether plaintiff was negligent was not material. His negligence is not imputable to the child. If he was negligent his negligence was only concurrent with that of defendant and does not bar a recovery by the child.

Action in the district court for Blue Earth county to recover $3,-000 for personal injury to plaintiff's infant son. The negligence charged is stated in the opinion. The complaint also alleged that it was defendant's custom and ordinary way of notifying passengers when they arrived at their station for the brakeman to pass through or to go into the coaches and call the name of the station, for the purpose of notifying them to alight therefrom, and such was the custom and usual way of all roads to notify their passengers to alight at their destination. The answer amounted to a general denial and alleged that the injuries sustained by the infant were caused solely by the negligence of plaintiff. The case was tried before Pfau, J., who, when plaintiff rested, denied defendant's motion to dismiss the action, and, at the close of the testimony, defendant's motion for a directed verdict. The jury returned a verdict of $1,800 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*George W. Peterson, A. R. Pfau, Jr.,* and *C. J. Laurisch,* for appellant.

*S. B. Wilson,* for respondent.

HALLAM, J.

This action is brought by plaintiff as father of Edward Fox, his infant son, to recover damages for personal injury to said son. On October 28, 1911, plaintiff and his son were passengers on defendant's train, arriving at Mankato about 8 o'clock p. m. The injury was occasioned by the child falling from the platform or steps of the car as the train was approaching the depot at Mankato. Several questions are involved: (1) Was the defendant negligent? (2) If so, was its negligence the proximate cause of the injury? (3) Was there any negligence imputable to the child?

1. The negligence charged is, that as the train was entering Mankato after dark, the brakeman came into the ladies coach in which plaintiff and the child were passengers, called "Mankato" twice, then went to the front door of the coach, opened it and fastened it open, then opened the vestibule door on the station side, then returned to the car and again called "Mankato;" that in the meantime the train was slowing down and finally came to a standstill. Plaintiff testified that, while the train was slowing down, he got up from his seat and with the child went to the front platform of the car; that, when the train came to a stop, they started down the steps without his observing that the station had not been reached. The train was in fact several blocks from the depot platform and near a street known as Rock street. When they reached the second step, the train, without warning, started again. Plaintiff then saw they were not at the depot and turned to go back into the coach. Just at this time the child fell or jumped from the step. Plaintiff was holding him by the hand and maintained his hold, but, in so doing, both fell to the ground. In some manner the child's left foot came under the wheel of the coach, causing the injury complained of. Plaintiff's testimony is disputed.

Defendant produced evidence that the train did not stop until it reached the depot platform; that the brakeman called the station and opened the door about a block from the depot platform; that plaintiff in fact sat in the smoking car; that at Rock street the train only slowed down for a curve; that, as it did so, plaintiff went to the front vestibule of the smoking car; that the door of this vestibule

was not opened by the brakeman; that plaintiff must have opened it himself; that it was there that the boy fell; that, in any event, plaintiff was familiar with the environment and could not have been deceived by the conduct of the brakeman.

It was for the jury to say whether plaintiff's evidence was true. The witnesses against him were a majority in number, but that does not warrant this court in setting aside the verdict. There is nothing inherently improbable in plaintiff's story. This train did occasionally stop near Rock street because of other trains ahead. The accident did not come to the attention of defendant's witnesses until the following day or later. It is quite conceivable that they should be mistaken in their recollection as to whether this was one of the evenings on which the train did stop at Rock street. The trial court has seen fit to let the finding of the jury stand. We shall not disturb it.

If the facts were as plaintiff stated, then the acts of the brakemen in calling the station, opening the doors of the car and vestibule, and then calling the station again, were clearly an invitation to passengers to alight as soon as the train came to a full stop. Thompson, Negligence, § 2881; Ellis v. Chicago, 120 Wis. 645, 98 N. W. 942, and if, after such invitation, without further notice or warning, and in the night time, the train stops at a place other than the station and suddenly starts again, there is such a breach of duty to passengers as will constitute negligence. 4 Elliott, Railroads, § 1628; Pennsylvania v. Hoagland, 78 Ind. 203; Larson v. Minneapolis & St. L. R. Co. 85 Minn. 387, 88 N. W. 994; Burnside v. Minneapolis & St. L. R. Co. 110 Minn. 401, 125 N. W. 895; 5 Am. & Eng. Enc. (2d ed.) 565; Philadelphia v. Edelstein, 1 Monaghan 205 (Penn.) 16 Atl. 847; Diggs v. Louisville & N. R. Co. 156 Fed. 564, 84 C. C. A. 330, 14 L.R.A.(N.S.) 1029; Englehaupt v. Erie, 209 Pa. St. 182, 58 Atl. 154.

Farrell v. Great Northern Ry. Co. 100 Minn. 361, 111 N. W. 388, 9 L.R.A.(N.S.) 1113, is readily distinguishable from this case. In that case plaintiff was riding in a stock car, with his brother-in-law. At a station 12 miles from St. Cloud he asked the conductor if he could go back to a car containing his own stock. The conductor replied, "You won't have time here. The next stop will be St. Cloud.

If you get right out as soon as the train stops you will have plenty of time." The train stopped momentarily as it approached a junction across the river from St. Cloud. Plaintiff alighted. While climbing into his car, the train started and he was injured. The place was manifestly not a station and he, in fact, saw the city some distance away. The only question involved in the case was that of contributory negligence. The distinction between such a case and the case at bar is manifest.

2. We now come to the question, was the negligence of defendant the proximate cause of the injury? The jury so found under appropriate instructions. The evidence sustains the finding. The rule as to what constitutes proximate cause is as follows: A person guilty of negligence is responsible for all the consequences which a prudent and experienced person, fully acquainted with all the circumstances which in fact existed, would, at the time of the negligent act, have thought reasonably possible to follow if they had occurred to his mind. Wallin v. Eastern Ry. Co. of Minn. 83 Minn. 149, 158, 86 N. W. 76, 54 L.R.A. 481; Kommerstad v. Great N. Ry. Co. 120 Minn. 376, 139 N. W. 713. It is contended by plaintiff that the negligent invitation of the brakeman led the child into a dangerous position and that, by reason thereof, he fell and was injured. Applying the above rule of law to the facts as detailed by plaintiff, it seems clear that the question whether the negligence of defendant's brakeman was the proximate cause of the accident, was a question of fact for the jury to determine.

Of course plaintiff was acquainted with the environment and, had he paid close attention to his surroundings, he would have known that the station had not been reached. He said that, by reason of the conduct of the brakeman, he did not pay much attention to his surroundings. There is evidence that this train frequently pulled up "past the depot," and stopped at a point where the outlook was not greatly different from that at Rock street, and we cannot say as a matter of law that plaintiff's inadvertence and not the act of the brakeman was the proximate cause of the injury.

3. Defendant claims that plaintiff was negligent; that this negligence was the cause of the injury to the child and bars recovery. It is conceded that the negligence of plaintiff is not imputed to the

child. This was distinctly held in Mattson v. Minnesota & N. Wis. R. Co. 95 Minn. 477, 104 N. W. 443, 70 L.R.A. 503, 111 Am. St. 483, 5 Ann. Cas. 498. But it is contended that since the child was in the "physical custody" of the parent, was under his sole control and was included in his contract of carriage, there is such identity of status between father and child that it must be held, without violating the principle of the Mattson case, that the child can have no recovery. We cannot concur in this contention. The argument of course assumes that the father was negligent. We deem the whole question of the negligence of the father quite immaterial. Of course if the father was negligent, and his negligence was the sole cause of the injury, there would be no room for liability on the part of defendant. No such situation is presented here. The jury found that defendant was negligent, and that its negligence was a proximate cause of the injury. If the father was negligent, his negligence was contributory or concurrent. But that such contributory or concurrent negligence does not bar a child's recovery is precisely the decision in the Mattson case.

The issues of fact were fairly and correctly submitted to the jury. The jury found for plaintiff, the trial court has refused to disturb the verdict, and there is evidence sufficient to sustain it.

Order affirmed.