## ARTHUR H. HARMON

### *vs.*

## CUMBERLAND COUNTY POWER AND LIGHT COMPANY.

Cumberland.    Opinion September 23, 1925.

*A verdict, in order to stand, must be supported by substantial evidence consistent with the circumstances and probabilities in the case so as to raise a fair presumption of its truth when weighed against opposing evidence.*

On general motion by defendant.    An action of tort to recover damages to an automobile resulting from a collision with a street car of defendant, alleging negligence on the part of defendant.    The general issue was pleaded, and a verdict of $175 was rendered for plaintiff, and defendant filed a general motion for a new trial.    Motion sustained.    New trial granted.

The opinion fully states the case.

*Harry E. Nixon*, for plaintiff.

*Verrill, Hale, Booth & Ives*, for defendant.

SITTING: WILSON, C. J.; PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

BARNES, J.    A collision occurred on Preble Street, in the city of Portland, between a street car of the defendant and a touring car

owned and operated by the plaintiff, in the daytime of April 16, 1924, and on a writ charging the defendant with negligently operating its street car the plaintiff recovered a verdict.

The case is before this court on motion, and the sole issue as to whether the verdict is based upon the evidence and justified thereby.

A presumption accompanies a verdict, and where there is conflict of testimony it is presumed that the jury gave the various items of testimony their real worth in marshalling the probabilities. But, when attacked, no verdict will stand unless the greater weight of facts and probabilities justifies the verdict.

"When the evidence viewed in the light of the circumstances surrounding the whole transaction so strongly preponderates against the plaintiff upon points vital to the result as to amount to a moral certainty that the jury erred in the conclusion reached by them, the verdict should be set aside." *Moulton* v. *Sanford & Cape Porpoise Railway Company*, 99 Maine, 508.

In this case, eye-witnesses of the activities of both motorman and plaintiff were in court and testified at the trial. There was conflict of testimony, it is true, but certain pregnant facts as to the due care of the motorman and the want of that due care which the plaintiff pleads in his declaration must have been wilfully or mistakenly neglected by the jury. They were accorded a view of the locus of the accident.

And with the spoken testimony and the evidence of place and distances they had their opportunity to draw inferences, reason and conclude.

But, "a verdict of a jury on matters of fact, and within even their exclusive province, cannot be the basis of a judgment where there is no evidence to support it, or when they have made inferences contrary to all reason and logic." *Day, Admx.* v. *Boston and Maine Railroad*, 96 Maine, 207.

"An inherently incredible story is not made credible by being sworn to, nor can it be allowed to serve as the foundation of a verdict." *McCarthy* v. *Bangor and Aroostook R. R. Co.*, 112 Maine, 1.

"Testimony of an interested party contrary to the facts otherwise conclusively established in the case and all reasonable inference from the situation disclosed by the evidence, does not raise a conflict requiring a finding by the jury." *Flaherty* v. *Harrison*, 98 Wis., 559, quoted with approval in *Moulton* v. *Railway Company*, supra.

Between the nearer curbs of Cumberland Avenue and the passage-way next westerly, on the northeasterly side of Preble Street, there is a seventy-seven foot space at the margin of the sidewalk.

Westerly from this passageway, when the plaintiff arrived at the scene of the accident, a taxicab was parked against this sidewalk.

Plaintiff parked his machine, a Hupmobile touring car, behind the taxicab, against the sidewalk, and went into a nearby store.

When he returned from the store to his car, he testified that he looked up the street toward Cumberland Avenue, and observed that there was no car coming. He testified that he got into his car, backed it a little, signalled by extending his hand into the street, then observed the street car coming slowly toward him from the rear and at that time about half-way across the mouth of Cumberland Avenue; that he thought the car would stop; that he moved slowly out toward the car track and that as he went "just by this taxicab" the car struck his machine.

He introduced a witness who was ready to drive out from the Avenue onto Preble Street just as the street car came opposite the mouth of the Avenue, and this witness testified that he slowed down on the Avenue until the street car had passed its mouth, then ran his car out onto Preble Street, moving in the direction of plaintiff, and had got his car "straightened out" on Preble Street, and two car lengths down Preble Street, directly in rear of plaintiff, and then saw plaintiff put out his hand as a signal and the collision followed at once.

On cross-examination plaintiff was not sure that he backed his car before swinging out.

According to the testimony of an engineer, and as the jury might have seen upon the view, it is but eleven feet and ten inches from the curbing where plaintiff's car was parked to the nearer rail of the street car track, and from the curb to the nearest part of the body of the street car it was but nine feet and ten inches.

All witnesses agreed the street car was moving, in the immediate vicinity, at the slowest rate; none set it more than four or five miles an hour.

Considering that there was probably some little space between the taxicab and the corner in its front, and between the taxicab and car of the plaintiff, when plaintiff stepped into his car, the street car, with nothing intervening to obstruct plaintiff's view, must have been in his sight, near him, and its passing imminent.

Plaintiff, and his only witness, testified that if he had jumped his car out with speed, it might have gotten away before the street car arrived.

As a matter of fact, unless the street car was stopped, a collision was inevitable; and it occurred the instant plaintiff's machine presented itself within a foot of the rail.

But was the motorman negligent? It was a one-man car, the motorman at its extreme front. He testified he was moving down Preble Street without power, coasting perhaps as slowly as three miles an hour; that he sounded a whistle at the approach to Cumberland Avenue, and tapped his gong till the collision occurred.

Plaintiff and his witness testified they did not hear any bell from the street car, and plaintiff that he heard no signal.

In corroboration of the motorman, Mr. Shackley, who was riding with him, testified that both whistle and gong were sounded, and a Mrs. Leary, a passenger, testified that she heard the ringing of the gong and that she spoke of it, at the time, to her little girl who accompanied her. Another witness did not recall the signal.

Two men participated in the mishap, each in the exercise of his right to use the highway. Each must have known that between the outer edges of their vehicles, if the motor car remained at the curb, but little if any more than two feet of space intervened. Each saw the other's car as the street car came down. One concluded, as a reasonably prudent man would under the circumstances, that the other would remain in a position of safety until danger of collision was past, and operated his car, the street car, with due care, unquestionably signalling his approach to the plaintiff.

But the latter, familiar with the premises, took a chance. He says, "I thought sure he would stop," and by his leisurely thrust out toward the car track, he invited and received the injury complained of. He must be held negligent.

"If it were merely a question of accuracy of observation, or of veracity of witnesses, this court would not disturb the verdict; but when the evidence presented by the plaintiff is so inconsistent with what reasonable men would expect under the circumstances shown to exist . . . and it is morally certain that the jury erred in its verdict, the verdict will be set aside." *Hall* v. *Power Company*, 123 Maine, 202.

So here,

*Motion sustained.*
*New trial granted.*