SOPHIA KIRK v. JAMES CHINSTRAND.[1]

December 20, 1901.

Nos. 12,863—(83).

### Separate Support of Wife—Necessaries.

A husband who refuses to permit his wife to live with him is chargeable with her maintenance and support, and she may procure necessaries from whomsoever she pleases where he fails to do so. The husband is not, in such case, relieved from liability by showing that he procured board and lodging for his wife with a person with whom she refused to live. She may select her own home, provided it be a proper one, and surrounded with conditions of respectability, and the expense thereof does not exceed proper limits, taking into consideration the financial circumstances of the husband.

### Assignments of Error.

A number of assignments of error considered, and *held* to present no reversible error.

Action in the municipal court of St. Paul to recover $28 and interest for necessaries furnished to the wife of defendant. The case was tried before Orr, J., who found in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*John H. Ives*, for appellant.

*Cannon & Donnelly*, for respondent.

BROWN, J.

This was an action to recover for necessaries furnished by plaintiff to and for the wife of defendant. Plaintiff had judgment in the court below, and defendant appealed.

The cause was tried in the court below without a jury, and the facts were found substantially as follows: Defendant and Mary Chinstrand are husband and wife, and have been such for the past twenty-five years. Some time in March, 1898, the wife, who was then residing with defendant, left his residence for some cause not disclosed, and went to the state of Iowa, returning therefrom

[1] Reported in 88 N. W. 422.

in the latter part of the same year; but the parties have never since that time lived together as husband and wife. After her return from Iowa she boarded for a time at the same house with her husband, but since April 1, 1899, they have lived wholly separate and apart from each other. On April 1 defendant procured a boarding place for himself, but refused to permit his wife to accompany him, and has since made no pecuniary allowance or provision for her support, other than engaging with one Stilly to board and provide her with a room at his home. The place so provided was a suitable and proper place for the wife, but for some reason not disclosed (the wife was not permitted to testify on the trial) she declined to accept it, and made independent arrangements with plaintiff for her support. Defendant informed plaintiff after his wife had taken up her abode with her that he would not be responsible for or pay any indebtedness incurred by the wife. The court found, as conclusions of law, that it was the duty of the husband to support the wife, and that it was immaterial that she did not accept his offer to support her at the home of Stilly.

A large number of assignments of error are presented, but we fail to discover reversible error in any of them. Some of them refer to the refusal of the trial court to make additional findings of fact; but the additional findings, if made, would not change the legal relations or affect the liability of defendant, and were properly refused. It is claimed that at the time the wife left for the state of Iowa she took with her certain personal property belonging to her husband. The court sustained an objection to an admission of testimony of this character, and the ruling is assigned as error. We are unable to understand why this fact, if it be conceded to be a fact, is in any way material. It was defendant's duty to provide for the support and maintenance of his wife, and the mere fact that he had some trouble or difficulty with her which resulted in their separation in no way relieved him from that responsibility. The court expressly found that the defendant refused to permit his wife to live with him. It was wholly immaterial, in view of that finding, which is sustained by the evidence,

whether she offered to live with him after returning from Iowa or not.

Even if it be conceded that the wife voluntarily abandoned and deserted the husband,—she having returned to him, and he having refused to receive her,—the liability to support her was revived, if it was suspended during the period of desertion; and, if he refuses to furnish her a home with himself, she may secure necessaries of life elsewhere, and he is liable, under the law, therefor. The wife is not required, where the husband refuses to permit her to live with him, to submit to his dictates as to where she shall live. She may go where she pleases, so long as the place selected by her is respectable, and the expense thereof does not exceed proper limits, taking into consideration the financial circumstances of the husband. The rule in such cases is that the husband, by refusing to permit the wife to live with him and turning her away, sends credit with her to the extent of her necessaries. Bevier v. Galloway, 71 Ill. 517.

We have examined the record with care, and all the assignments of error made by appellant, and conclude that the result reached by the trial court was in harmony with the law, and the judgment appealed from is affirmed.