A. C. KOEPSEL v. MINNEAPOLIS, ST. PAUL AND SAULT STE. MARIE
RAILWAY COMPANY.[1]

March 1, 1907.

Nos. 14,900—(135).

**Personal Injury.**

Plaintiff, a brakeman, riding on the steps of an engine in accordance
with custom, was knocked off by a truck left standing six inches from the
edge of a platform, by the station agent, who, having slipped on ice and
hurt his face, had gone to the station house. The trial court refused to
direct a verdict for defendant because of failure of plaintiff to show neg-
ligence, or because plaintiff was guilty of contributory negligence. The
jury's verdict for plaintiff of $4,610 was reduced to $3,500. *Held* no
error.

Action in the district court for Ramsey county to recover $10,000
for personal injuries. The case was tried before Kelly, J., and a jury,
which rendered a verdict in favor of plaintiff for $4,610. From an
order denying a motion for judgment notwithstanding the verdict and
granting a motion for a new trial unless plaintiff should consent to a
reduction of the verdict to $3,500, defendant appealed. Affirmed.

*Munn & Thygeson* and *Alfred H. Bright,* for appellant.

*Humphrey Barton,* for respondent.

JAGGARD, J.

Plaintiff brought this action to recover for personal injuries caused
by the alleged negligence of the defendant railway company in leav-
ing a baggage hand truck on a station platform so close to the railway
track that it was dangerous to the employees engaged on trains op-
erated on the track. The jury returned a verdict for the plaintiff
for $4,610.

The trial court denied the motion for judgment notwithstanding the
verdict, but directed that the verdict be reduced to $3,500, and, if the
plaintiff failed to accept this, then that a new trial should be granted.
Plaintiff formally accepted the verdict as reduced. Thereupon de-
fendant took this appeal.

[1] Reported in 110 N. W. 974.

1. The first question presented by the assignments of error concerns the negligence of the defendant. There was testimony to the effect that it was the custom to pull the trucks away from the track every time they were unloaded. The truck in this case was left standing about six inches from the edge of the platform. The agent knew that the truck standing in that position was so close that it would strike a man on the steps of the engine. The testimony was also sufficient to show knowledge on his part of the customary train operations, during which plaintiff was injured. Plaintiff, a brakeman, riding on the step of the engine in accordance with custom, collided with the truck and was injured. The one circumstance principally relied upon by the defendant to exonerate it from negligence in failing to exercise reasonable care to provide a safe place was that an accident had previously happened to the agent of the defendant, injuring him more or less severely.

The court charged the jury fully, and as favorably as the defendant could have asked, that if the injuries to the agent incapacitated him for the time being, or were such that they reasonably required him to divert his attention for the time from the truck and to go into the station to care for his eye, then his failure to immediately look after the truck would not be negligence, but that if, on the other hand, his injuries were slight, and he went back to the station merely for his own convenience and comfort, or because the baggageman suggested it, then his injury was no excuse. Defendant requested no instruction. The only question thus presented was whether the court should have directed a verdict. The negligence of defendant, unless excused, is clear. The sufficiency of the excuse was submitted to the jury in such a way as to be the basis of objection, if to any one, to the plaintiff, and not to the defendant.

2. Defendant also contends that, if any negligence appears, it was chargeable to the plaintiff. He knew all the facts and circumstances which would have made it dangerous for him to hang upon the side of the engine, instead of stepping upon the deck. He knew the truck was up there, and he knew that the transfer to the truck had just been completed when he mounted the engine. He knew that the operator had been hurt up there on the truck. He had no right to assume that under such unusual circumstances the truck had been removed to the

rear of the platform. The accident, however, happened late at night. There were no lights on the platform. There was testimony to the effect that the plaintiff did not see the truck when he came out of the station to go upon the engine, nor before he was struck by the baggage truck. He was not bound to anticipate negligence on the part of other employees. Under the circumstances, the question of his negligence was for the jury.

3. Objection is made to the verdict as finally reduced. The memorandum of the trial court on this subject, was as follows: "He [plaintiff] suffered thereby, among other injuries, an oblique fracture of the left tibia bone, about the middle portion, between the ankle and the knee. The bruises or injuries in other parts of his body, as shown by the evidence, soon healed, and his leg, while it will never be as good as new, has reached a good recovery. Taking into consideration his earning capacity, $85 to $100 per month, loss of time, say ten months, character of injury, pain caused thereby—while the verdict seems too large under the decided cases—the sum herein fixed is reasonable. The defendant relies on Slette v. Great Northern Ry. Co., 53 Minn. 341 [55 N. W. 137]. I prefer to ground this ruling on the facts heard and the opinion in Campbell v. Railway Transfer Co. [95 Minn. 375] 104 N. W. 547." No consideration has been presented which would justify us in holding that the trial court, having a superior opportunity of determining the question of damages, was in error.

Order affirmed.