## JAMES R. BRENNAN v. MINNESOTA, DAKOTA & WESTERN RAILWAY COMPANY.[1]

July 9, 1915.

Nos. 19,324—(222).

**Negligence — question for jury.**

1. The evidence as to negligence on the part of defendant was sufficient to make a question for the jury.

**Negligence of parent not a bar to recovery.**

2. The negligence of a parent is not imputable to his child, and will not bar the child from recovering from a third party for injuries sustained through the concurring negligence of the parent and such third party.

**Contributory negligence — accident at highway crossing.**

3. A six year old boy riding with his father cannot be charged with contributory negligence for failing to take precautions for his own safety at a railroad crossing.

**Impeaching witness — indictment for crime.**

4. A party may attack the credibility of a witness by showing that the witness has been convicted of a crime, but not by showing that he has been indicted therefor.

**Damages excessive.**

5. Damages *held* excessive and a new trial granted, unless plaintiff shall consent to a reduction of the verdict.

Action in the district court for Koochiching county by the guardian *ad litem* of plaintiff minor to recover $15,000 for personal injury. The case was tried before McClenahan, J., and a jury which returned a verdict for $6,225. From an order denying its motion for a new trial, defendant appealed. Reversed, unless plaintiff consented to a reduction of the verdict to $5,000.

[1] Reported in 153 N. W. 611.

Note.—The authorities passing upon imputed negligence of driver to passenger are reviewed in the notes in 8 L.R.A.(N.S.) 597 and L.R.A. 1915A, 761.

*Harris Richardson* and *Walter Richardson,* for appellant.
*Samuel A. Anderson* and *W. V. Kane,* for respondent.

TAYLOR, C.

Plaintiff, a six year old boy, through his guardian *ad litem,* recovered a verdict for personal injuries, and defendant appealed from an order denying its motion for a new trial.

Fourth street in the City of International Falls extends east and west and is crossed at right angles by defendant's railway tracks, and a flagman is stationed at this crossing. James Brennan and his family resided at Ranier, a village about three miles east of International Falls. On a cold morning in January, 1914, he started from his home for International Falls with a pony attached to a toboggan. He was seated upon a low box placed upon the toboggan and his son, the plaintiff, was seated behind him upon another low box. They were back to back, the father facing toward the front and the boy toward the rear. They proceeded west along Fourth street, and, as they approached the railroad crossing, Brennan observed a train consisting of an engine and several freight cars standing upon the track immediately north of the highway. Brennan testified that the train was standing still; that the rear end of the rear car was about five feet from the traveled track along which he was proceeding; that he observed a man whom he took to be a brakeman standing two or three feet from the southwest corner of the rear car and another man standing a few feet behind him; that these men were facing toward and looking at him but gave no signal of any kind; that there was a small building west of the tracks and south of the street for the use of the flagman and the flagman was not in sight; that, as the pony was crossing the west rail of the track, the train suddenly, without giving any signal and without any warning by the flagman or anyone else, backed up and brushed or struck the side of the pony causing him to jump; that the boy fell from the toboggan; that he, the father, turned and caught the boy, but as he did so the end of the car passed over him and the axle of the car struck his neck and shoulder and shoved him along the track until the car came to a stop, a distance of several feet;

and that he endeavored to hold the boy against his own body and away from the wheels, but that the wheels caught and crushed the boy's right foot. That the boy was injured substantially in the manner stated is not disputed; but, to negative negligence on its own part and to show contributory negligence, defendant presented evidence tending to prove that ample warnings and signals were given but were unheeded. The evidence made the question of defendant's negligence a question for the jury and we cannot interfere with their conclusion.

The court instructed the jury that there was no contributory negligence chargeable to the boy, and that they could not consider that question. Defendant contends that the evidence made a question for the jury as to contributory negligence on the part of the father, and that the negligence of the father is imputable to the boy. If negligence on the part of the father would bar the boy from recovering, the question of contributory negligence should have been submitted to the jury; but, after full consideration, this court has determined that negligence of a parent is not imputable to his child and will not bar the child from recovering for injuries sustained through the negligence of a third party. Mattson v. Minnesota & North Wisconsin R. Co. 95 Minn. 477, 104 N. W. 443, 70 L.R.A. 503, 111 Am. St. 403, 5 Ann. Cas. 498; Fox v. Chicago, St. P. M. & O. Ry. Co. 121 Minn. 511, 141 N. W. 845.

Defendant also contends that the question as to contributory negligence on the part of the boy himself should have been submitted to the jury. There may be cases where a small child would be chargeable with contributory negligence, but we think this is not such a case. The boy was only six years of age. He was riding with his father who controlled and directed the movements of the conveyance. He naturally and properly relied upon the superior knowledge and judgment of his father. He was not only justified in doing so but it was his duty to do so. The law recognizes no right in a child of that age to oppose his judgment to that of his father, nor to seek to control or direct the actions or movements of his father; and, under the circumstances here existing, the boy cannot be charged with contributory negligence for failure to warn his father of the impending dan-

ger, nor for failure to take steps himself to avoid the danger. His tender years and the trust and confidence which he naturally reposed in his father rendered him unable to realize that his father was not exercising sufficient care and caution, and relieved him from any duty to see that his father did not improperly expose him to ,danger.

For the purpose of affecting the credibility of Brennan as a witness, defendant offered to show that he had been indicted for a criminal offense. This offer was excluded and defendant urges the ruling as error. If a witness has been convicted of a crime that fact may be shown as bearing upon the weight to be given his testimony. G. S. 1913, § 8504. But Brennan had not been convicted and evidence to show that he had been indicted was properly excluded. State v. Renswick, 85 Minn. 19, 88 N. W. 22; State v. Ronk, 91 Minn. 419, 98 N. W. 334; State v. Bryant, 97 Minn. 8, 105 N. W. 974.

The most difficult question in the case is whether the verdict of $6,225 is excessive. Both bones of the leg were broken two inches above the ankle. There was a good recovery and both bones are firmly united, but the leg is slightly bowed and about half an inch shorter than the other. The bones of the instep were broken or crushed and there is an ankylosis of these bones which renders the instep stiff and rigid and there is something of a hump upon the instep. The foot is smaller than the other and is turned so that in walking the outer edge of the foot rests upon the ground and the great toe and ball of the foot do not. While there is some difference in the opinions expressed by the physicians, the evidence was sufficient to justify the jury in finding that the boy will probably always have a deformed foot. He can walk upon it, however, but limps in walking. The ankle joint does not appear to have sustained any material injury.

The jury have much latitude in fixing the amount of damages in such cases, and this court is loath to interfere with the award which they make. But, when satisfied that the verdict is excessive, the court should not hesitate to grant a new trial, unless the plaintiff consents that the verdict be reduced. The boy has no earning ca-

pacity at present, and to what extent the injury may affect his future earning capacity does not appear. After considering the amounts allowed for injuries resulting in somewhat similar disabilities, we are constrained to hold that the verdict is excessive. See Campbell v. Railway Transfer Co. 95 Minn. 375, 104 N. W. 547; Koepsel v. Minneapolis, St. P. & S. S. M. Ry. Co. 100 Minn. 202, 110 N. W. 974; Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745.

If within 15 days after the remittitur is filed in the trial court, the plaintiff by his guardian *ad litem* shall file a written consent that the verdict be reduced to the sum of $5,000, the order appealed from is affirmed; if such consent be not filed the order is reversed.