WISE MEMORIAL HOSPITAL ASSOCIATION, APPELLANT, V.
LACEY E. PEYTON, APPELLEE.

FILED NOVEMBER 13, 1915. No. 18416.

Husband and Wife: NECESSARIES: LIABILITY OF HUSBAND. A husband
who is living apart from his wife and is paying temporary alimony
awarded to her by the court in a suit for divorce is not liable to a
third person for necessaries furnished to her, the former being charge-
able with knowledge of those facts, and the adequacy of the temporary
alimony not being subject to question by a stranger.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*John M. Macfarland* and *A. J. Kinnersley*, for ap-
pellant.

*Brome & Brome, W. J. Connell* and *J. E. von Dorn,*
*contra.*

ROSE, J.

Between May 21, 1912, and June 4, 1912, Cordelia Pey-
ton was a patient in plaintiff's hospital, and this is an
action against her husband to recover a balance of $85
for hospital services and medicines. The case was dis-
missed, and plaintiff has appealed.

The substance of the defense pleaded is: Though de-
fendant was the husband of the patient, she was living
apart from him. A suit on her behalf for a divorce and
for alimony was pending. She had been awarded a tem-
porary allowance of $75 a month which he had paid regu-
larly. He never obligated himself to pay his wife's in-
debtedness to the hospital. The defense thus outlined is
fully established by the evidence and justifies the dismissal
of the action. A husband who is living apart from his
wife and is paying temporary alimony awarded to her
by the court in a suit for divorce is not liable to a third
person for necessaries furnished to her, the former being

chargeable with knowledge of those facts, and the adequacy of the temporary alimony not being subject to question by a stranger. *Hare v. Gibson*, 32 Ohio St. 33.

The judgment is right and is

AFFIRMED.

FAWCETT, J., not sitting.