## WOLF, HABEIN & COMPANY v. ARTHUR MAPSON.[1]

### June 18, 1920.

### No. 21,811.

**Cross-examination prejudicial.**

1. It was erroneous and prejudicial to compel the defendant on cross-examination to disclose that he had been indicted.

**Husband not liable for necessaries furnished his wife, after payment of alimony.**

2. The husband is not liable to third parties for necessaries furnished the wife after he has paid the temporary alimony awarded in her action against him for divorce, she then living apart from him.

**Husband not liable for fees and expenses of action in replevin by his wife.**

3. Attorney's fees and expenses in a replevin action brought by a wife against her husband to obtain possession of property detained by him, are not necessaries for which he is liable.

Action in the district court for Martin county to recover for necessaries furnished defendant's wife. The answer alleged that his wife was granted a divorce from defendant and he required to pay permanent alimony in the sum of $2,000 and $50 attorney's fees, and that by payment thereof to the attorney of his wife defendant was absolved from all liability to support, maintain and provide for his wife and minor children. The case was tried before Dean, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury

[1]Reported in 178 N. W. 318.

which returned a verdict for $970.34. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Cooper & Gaarenstroom,* for appellant.

*Allen & Seifert,* for respondent.

HOLT, J.

Action to recover for necessaries furnished defendant's wife. Plaintiff recovered the entire amount claimed. Defendant appeals from the order denying a new trial.

Defendant's wife left him in February, 1915, taking with her their three small children. She went to her father's home, where she and the children were supported and furnished some clothing and other necessaries for about 14 months. While there she employed an attorney to procure a divorce from her husband on the ground of his cruel and inhuman treatment. The action was begun in January, 1916, and in the following month the court awarded her $100 as temporary alimony and $100 for attorney's fees and suit money. The action was tried and on August 21, 1916, judgment was entered granting her an absolute divorce with $2,000 permanent alimony, and $748 for funds belonging to her that had come into his possession, also for an additional sum of $50 attorney's fees. On May 1, 1916, her father refused to longer support her and she came to Fairmont. She rented a couple of rooms, bought necessary household goods, provisions and clothing from the tradesmen, her attorney vouching for the same. He also let her have small sums of money from time to time. At about the same time that the divorce action was begun her attorney instituted an action in replevin to recover some of her property then in defendant's possession. For his services in so doing the attorney claimed $50 as a necessary rendered defendant's wife. Plaintiff had furnished the wife a bill of goods for nearly $100. The claims of other tradesmen who had done likewise were assigned to plaintiff so as to avoid a multiplicity of suits, as was also the claim of the wife's attorney for $147, which included the $50 attorney's fees in the replevin suit, the sheriff's fees therein, moneys supplied the wife and small bills paid for her. The exhibits are not here, but from an examination of the printed record it would seem

that part of the goods procured by defendant's wife were so procured after the entry of judgment in the divorce suit.

On cross-examination this question was put to defendant: "You were indicted by the grand jury of this county for the crime of incest with your thirteen year old daughter?" Seasonable and proper objection was interposed, but the court overruled the same. This was clearly error. Defendant had not been convicted. The intimation is that though indicted he was acquitted. That one has been falsely accused of crime should not be brought up against him, either to affect his credibility or as substantive evidence, in any subsequent judicial proceeding. State v. Renswick, 85 Minn. 19, 88 N. W. 22; State v. Ronk, 91 Minn. 419, 98 N. W. 334; State v. Bryant, 97 Minn. 8, 105 N. W. 974; Brennan v. Minnesota D. & W. Ry. Co. 130 Minn. 314, 153 N. W. 611, L.R.A. 1915F, 11. The ruling could not be justified on the theory of plaintiff's counsel, when he says he wished to bring out the fact that the heavy expense defendant had been put to in defending himself against a criminal charge was not the fault of his wife. Defendant's outlay in defending himself against a criminal accusation could neither substantiate nor defeat plaintiff's causes of action herein. Nor can the ruling be defended on the ground advanced by the learned trial court, that an answer to the question would have a tendency to show the cause of the wife's leaving the defendant and for the divorce, for, aside from the impropriety in the question itself, it had been admitted that the divorce was granted on her application and on the ground of defendant's cruel and inhuman treatment of her, and that must have preceded her leaving him in February, 1915. The question and answer could serve no purpose but to prejudice defendant, and cannot be justified upon any grounds. For this error there must be a new trial.

On the oral argument counsel pressed the proposition that during the pendency of the divorce action necessaries may not be furnished upon the husband's credit, that the amount of the support then to be furnished the wife is with the court, and especially where an order has been made for temporary alimony the presumption should obtain that it is sufficient. No doubt the credit (Kirk v. Chinstrand, 85 Minn. 108, 88 N. W. 422, 56 L.R.A. 333), that went with the wife when his cruelty

sent her away, was canceled upon the entry of the judgment of divorce. Thereafter she could no longer pledge his credit for her support. The record indicates that some of the goods, services and money were furnished subsequent to August 21, 1916.

It is clear that for whatever necessaries that were furnished the wife and children after she left defendant, and prior to the time he paid her the temporary alimony awarded in the divorce action, defendant is liable. But as to necessaries furnished after defendant paid the temporary alimony ordered, the authorities are not in accord. These cases hold that the award and payment of temporary support money is no defense to an action by third parties for necessaries furnished a wife who lives apart from her husband on account of his misconduct. Dowe v. Smith, 11 Allen, 107; Burkett v. Trowbridge, 61 Me. 251. And in Mitchell v. Treanor, 11 Ga. 324, 56 Am. Dec. 421, it was held that an allowance for past maintenance did not relieve the husband for goods delivered before the allowance was made. However, in 2 Bishop, Marriage and Divorce (4th Ed.) § 401, it is said: "The allotment of temporary alimony is really for the benefit as well of the husband as the wife, especially in those cases where he is the guilty party, for, if no such allotment has been made, he is liable, at common law, for necessaries furnished her during the pendency of her suit for divorce, the same as though it was not pending. * * * But if he has regularly paid it he is relieved from all further responsibility." To this effect is Bennett v. O'Fallon, 2 Mo. 69, 22 Am. Dec. 440; Hare v. Gibson, 32 Oh. St. 33, 30 Am. St. 568; Crittenden v. Schermerhorn, 39 Mich. 661, 33 Am. Rep. 440; Wise Memorial Hospital Assn. v. Peyton, 99 Neb. 48, 154 N. W. 838. The syllabus in the Nebraska case is: "A husband who is living apart from his wife and is paying temporary alimony awarded to her by the court in a suit for divorce is not liable to a third person for necessaries furnished to her, the former being chargeable with knowledge of those facts, and the adequacy of the temporary alimony not being subject to question by a stranger." Chief Justice Campbell speaking for the Michigan court said: "It must be taken for granted that the alimony allowed was the proper amount to

146 M.—12.

be allowed, and that the Circuit Court would at any time have increased it if any reason existed for the increase."

It would seem that the rule announced in Dowe v. Smith, supra, often may lead to unjust results. The instant case is an illustration. The defendant had minor children by his first wife to support. By the award made in the divorce judgment he was left almost penniless. It cannot be seriously doubted that had the court known that the demands presented by this plaintiff were to be made against defendant the permanent alimony would have been different. And the practice that commends itself to us as proper is this, that when in a divorce suit application is made for temporary support pending the suit full relief should be granted therein, and that when the husband complies with the order of the court he should not be held liable further for alleged necessaries. If the sum paid by defendant, in obedience to the court's order, became inadequate for any reason, there certainly was a proper way to secure what was needed by a further application when the occasion arose. Those who undertake to furnish a wife, living apart from her husband, with necessaries must take notice of the situation. In this case, all the parties, and especially the wife's attorney who was instrumental in securing quite an amount for the wife, knew about the pendency of the divorce and the award and payment of the temporary alimony. The decision in Catlin v. Martin, 69 N. Y. 393, lends support to the view we have taken of the question, where this language is used: "After the commencement of the action for a divorce there is no evidence that the defendant was called upon, or refused to supply his wife with necessaries, and had the wife desired support pendente lite her remedy was by application for alimony, and there is no implied promise of the defendant to pay for necessaries furnished during that period."

Again, we know of no principle or authority under which defendant could be held for attorney's fees or expenses connected with the replevin suit mentioned. A husband has been held liable for attorney's services rendered in protecting the wife against his ill treatment or against criminal offenses, especially those instituted on his complaint. 13 R. C. L. p. 1210. But he is not bound to pay for services of counsel in

securing to his wife the possession or enjoyment of her separate property any more than he would be to pay for its care or keep. In respect to liability for attorney's fees in such actions he must stand in the same position as any other defendant his wife may see fit to sue. Furthermore, the replevin suit cannot be regarded as a necessary so as to entitle an attorney to charge this defendant with the services rendered his wife therein, for in the divorce action the court had ample power to restore to her any property in defendant's possession belonging to her.

The order is reversed and a new trial granted.