[No. 21302.  Department One.  August 29, 1928.]

## JOSEPH, INCORPORATED, *Appellant,* v. ERNEST SCHOENWALD *et al., Respondents.*[1]

[1] HUSBAND AND WIFE (28)—NECESSITIES AND FAMILY EXPENSES— LIABILITY OF HUSBAND PAYING ALIMONY.  Where alimony is awarded to a wife pending a divorce, and is regularly paid, the husband is not liable for necessaries or goods purchased by the wife without his knowledge.

Appeal from a judgment of the superior court for King county, Sutton, J., entered February 18, 1927, dismissing, on the merits, an action on contract, tried to the court.  Affirmed.

*McClure & McClure* and *Walter S. Osborn,* for appellant.

*Kerr, McCord & Ivey* and *S. N. Greenleaf,* for respondent.

FRENCH, J.—Respondents, Ernest Schoenwald and Henrietta Schoenwald, were married in March, 1919. They separated in 1922, at which time Henrietta Schoenwald instituted suit for divorce.  In November, 1923, the case was tried, and the court announced that a divorce would be granted to the plaintiff, subject to a property settlement by a referee.  At this time there was awarded to plaintiff temporary alimony in the amount of three hundred dollars per month.  The respondent Ernest Schoenwald not only fully complied with the order requiring him to pay three hundred dollars per month temporary alimony, but as a matter of fact paid about twice that amount.  An interlocutory decree of divorce was entered in June, 1925.  In the fall of 1924, Henrietta Schoenwald purchased from Joseph, Inc., some $2,500 worth of wearing apparel.

[1]Reported in 269 Pac. 797.

There is a balance due on this bill of $2,083.50. Suit was brought against respondents for the unpaid balance of the bill. No service was had on Henrietta Schoenwald, and from a judgment holding that Ernest Schoenwald is not legally liable therefor, this appeal is prosecuted.

[1] Mr. Schoenwald was in the store of Joseph, Inc., only once, never has heretofore paid any bills incurred by Mrs. Schoenwald at this store, and had no knowledge that bills were incurred until the commencement of this action. This store is in New York, while the residence of the respondent is in Seattle. Mr. and Mrs. Schoenwald separated in 1922, she living in New York and he in Seattle; and in so far as the record shows, he visited her in New York but once. A divorce action had been pending between the parties for a period of more than a year at the time these goods were purchased. During the pendency of this divorce proceeding, Mr. Schoenwald was bound by the order of the court to pay to Mrs. Schoenwald three hundred dollars per month, and this order had been more than complied with.

"If alimony pendente lite has been awarded the wife for her maintenance, and the order has been complied with, this will relieve the husband from liability for necessaries thereafter furnished her by third person. Persons dealing with the wife, under these circumstances, do so at their own peril, and are chargeable with knowledge of the allotment and payment of the alimony." 13 R. C. L., p. 1203.

"Where alimony or other provision for the support and maintenance of the wife by the husband has been ordered or decreed by the court, . . . but where he is making payments in obedience to the order or decree of the court, he is relieved from subsequent liability for necessaries. A person dealing with the wife is chargeable with knowledge of the allotment and cannot question the sufficiency thereof." 30 C. J., p. 598.

See, also, *Clark v. Cox*, 32 Mich. 204; *McCreery & Co. v. Martin*, 84 N. J. L. 626, 87 Atl. 433; *Holt v. Brien*, 4 Barn. & Ald. 252; *Wanamaker v. Weaver*, 176 N. Y. 75, 68 N. E. 135.

Judgment affirmed.

FULLERTON, C. J., TOLMAN, MITCHELL, and PARKER, JJ., concur.