## Troback v. Troback.

Sydelle B. Hyman, for plaintiff; Kenneth English, for defendant.

VALENTINE, J., December, 1930.—The plaintiff, Gretchen W. Troback, is the wife of the defendant. The parties are separated. The plaintiff claims ownership of certain goods consisting of household articles, and instituted this action of replevin to recover possession of the same. She presented her petition, setting forth that she is without means or funds to meet the expenses and cost incident to proceeding with the action, and prays for an order on the defendant to pay her counsel fees and expenses.

The defendant has answered that there is no authority in law for an order upon him to pay the costs and counsel fees in this proceeding.

As a general rule, the husband is liable for services rendered by an attorney to his wife in a proceeding necessary to protect the wife against personal ill treatment by the husband, or for the defense of his criminal complaint that she was a common drunkard, or for the defense of a proceeding by him to compel her to find sureties to keep the peace: 13 R. C. L. 1210, § 243. So, where a woman was compelled to institute proceedings against her husband to compel him to furnish her with support and maintenance, the legal assistance furnished was deemed necessaries, for which the husband was held liable: 13 R. C. L., supra.

In Warner v. Heiden, 28 Wis. 517, it was held that a husband who prosecuted his wife to compel her to find sureties to keep the peace and failed to sustain the charges brought against her was liable for the reasonable fees of attorneys employed by her to defend her against such prosecution.

In Damman v. Bancroft, 88 N. Y. Supp. 386, and in Wolf, Habein & Co. v. Mapson, 146 Minn. 274, 178 N. W. 318, it was held that attorneys engaged by the wife in a replevin action brought against her by the husband from whom she was separated could not recover in a suit against the husband.

In Bartholomew v. Bartholomew, 31 Daup. 136, Judge Fox reached the conclusion that where husband and wife were separated and both claimed

the household furniture and goods, and the husband instituted an action of replevin against the wife to recover the furniture in her possession, the wife was entitled to defend against the action, and if she was without funds to carry on the litigation unless such order as the one prayed for be allowed, she might be denied justice; that in such case an allowance should be made upon the same grounds as in divorce cases, and that the reasons which apply to the allowance of counsel fees in divorce cases apply to other actions between husband and wife where the circumstances of litigation are similar.

The allowance to a wife in a divorce proceeding for costs and expenses does not rest upon statutory authority, but the courts under their equitable power early adopted the practice of ordering such payment where the wife had no separate estate sufficient for the purpose, in order that she might not be denied justice, and for this reason after answer she may, in general, have her costs taxed. The court having jurisdiction of the suits between the husband and wife is from time to time to make the proper allowance according to the circumstances: Kaufmann v. Kaufmann, 76 Pa. Superior Ct. 603.

In the Bartholomew case, the husband was the actor and instituted the action of replevin. We can see no difference in principle between a wife defending an action instituted by the husband and her being compelled to institute an action against him to recover articles which he has wrongfully retained.

Defendant is directed to pay the plaintiff, or her counsel of record, on or before December 31, 1930, the sum of $150 for counsel fees and expenses.

From Frank P. Slattery, Wilkes-Barre, Pa.