ALBERT A. COKEN INC. *vs.* ARTHUR L. DEAN.

APRIL 17, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J.; Condon and O'Connell, JJ.

O'CONNELL, J. This action of the case in assumpsit was tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendant. It is before us on the plaintiff's exception to such decision.

The plaintiff, a Rhode Island corporation, sought to recover the balance due on a fur coat purchased from it by defendant's wife on October 27, 1952. The wife died on February 5, 1953. There was testimony for plaintiff that after the purchase the defendant promised to pay for this coat, but he emphatically denied having made such promise.

It was agreed by counsel, apparently in view of defendant's income, that the fur coat could be considered a nec-

essary. The defendant contested payment, however, on the basis of an interlocutory decree entered on December 4, 1943 in the petition for divorce from bed and board filed by his wife, which decree fixed defendant's liability for her support at $25 per week commencing November 26, 1943.

The plaintiff introduced in evidence the record of five separate petitions for divorce filed in the superior court by the wife against defendant, the first dated January 19, 1940 and the last dated October 5, 1948. All of these petitions are listed as pending in the superior court, no final decree having been entered in any of them.

In the fourth of such petitions, the interlocutory decree was entered, which is referred to above and on which defendant bases his defense. This decree provided for a payment of $25 a week by defendant. An entry from the minute book in the superior court contains a notation in the fifth case under date of Friday, October 22, 1948, as follows: "* * * petitioner is awarded $40.00 per week and $100.00 counsel fees * * *." However, no decree of any kind was entered in this case.

The defendant testified that he had complied in every respect with the order of December 4, 1943 for the payment of $25 weekly. Further even if the docket entry in the last case, in which $40 a week was allowed, is held to govern, although no decree was entered therein, the defendant's testimony showed complete compliance with such order. He stated: "I never paid her less than $40.00 a week at any time, and most frequently it was an extra 10 or 20." No evidence was presented by plaintiff to refute this claim.

The trial justice held that defendant's compliance with the terms of the decree of December 4, 1943 released him from liability to plaintiff in the instant case in the absence of proof that thereafter the parties had become reconciled; and that the burden of proof of such reconciliation rested upon plaintiff, who presented no evidence with reference thereto. On the other hand defendant introduced evidence

that, although for some time he and his wife had lived in the same house, they were "Living under the same roof in completely separate quarters." He further testified that he had lived away from home for a number of years and then "when the little girl grew older, and certain troubles developed, I went back home to help take care of the little girl," but that there was no reconciliation of any sort between himself and his wife.

The issue presented here is whether the outstanding decree for certain support *pendente lite* in the suit for separation relieves the husband of liability for his wife's necessaries if he has lived up to such decree.

We think this question should be answered in the affirmative. This court has held: "The implied authority of a wife, known to live separate from her husband, to bind him for necessaries—growing, as it does, out of his legal obligation to provide them for her—is wholly dependent upon the existence, under the circumstances of each case, of that obligation; and is unaffected, since he is bound to inquire and inform himself of them, by the actual ignorance or knowledge of the creditor, of those circumstances." *Gill* v. *Read,* 5 R. I. 343, 345.

In view of the record of five pending divorce petitions against defendant here, we think plaintiff should have been on its guard against extending credit to the wife. Moreover the decree fixing the defendant's liability for the support of his wife also fixes the extent of his liability in that respect. In our opinion this limitation is effective regardless of plaintiff's knowledge or ignorance of such decree. *Systma* v. *Bonte,* 108 N. J. Eq. 493. In that case it was held that while a husband is providing for a wife according to the terms of an order of the court he is not liable for additional expenses incurred in her behalf. See also *Malden Hospital* v. *Murdock,* 218 Mass. 73.

Other courts have also held that to be the law. In *Hare* v. *Gibson,* 32 Ohio St. 33, in circumstances analogous to

the instant case the court held that persons dealing with the wife do so at their own peril and are chargeable with knowledge of the allotment and payment of the alimony. It is to be noted that the decree there relied on as a defense was interlocutory as in the instant case.

In *Bennett* v. *O'Fallon*, 2 Mo. 69, it was held that after a decree for alimony the husband is not liable for debts contracted by the wife. The court stated: "The very object of the decree for alimony, is to furnish the wife with necessaries, and the court will take care that it be made effectual for that object, and suited to the condition of the parties. By the decree the husband is charged directly with the due maintenance of his wife; to make him responsible to persons with whom she might afterwards deal, would be to charge him indirectly for the same object." The decree there relied upon, as in the case of *Hare* v. *Gibson, supra,* was also an interlocutory and not a final decree. To the same effect see *Wise Memorial Hospital Ass'n* v. *Peyton,* 99 Neb. 48; *Boller* v. *Crider,* 31 N.Y.S. 2d 987. In the latter case it was held that the husband, although liable for services rendered by a physician to his wife prior to entry of an order in the wife's action for separation allowing her counsel fees and alimony *pendente lite,* was not liable for such services rendered after entry of the order, since the amount fixed thereby became, until modification thereof, the limit of the husband's obligation for his wife's support.

The plaintiff contends, however, that even if the order entered against defendant in his wife's divorce action constituted a good defense, he was barred from asserting it because the parties had thereafter become reconciled. While there is some authority to that effect, we do not think that such principle of law is applicable here. The trial justice expressly found on the evidence that the plaintiff had failed to prove by a fair preponderance of the evidence the alleged reconciliation.

We have repeatedly held that the findings of a trial jus-

tice, sitting without a jury, are entitled to great weight and should not be set aside unless they are clearly wrong. From a careful examination of the transcript herein we cannot say that he misconceived any material evidence or that his conclusions were clearly wrong.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

### ON MOTION FOR REARGUMENT.

JULY 26, 1956.

PER CURIAM. After our decision in the above case the plaintiff asked· and received permission to file a motion for reargument. Pursuant to this permission it has filed such a motion, setting out therein certain reasons on which it bases its contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.

*Maurice W. Hendel, Michael A. Abatuno,* for plaintiff.

*John L. Curran,* for defendant.