166 So.2d 493 (1964)
HOLIDAY HOSPITAL ASSOCIATION, a Florida Corporation, not for profit, Appellant,
v.
Albert SCHWARZ and Evie Schwarz, husband and wife, Appellees.
No. 3984.
District Court of Appeal of Florida. Second District.
July 17, 1964.
Robert W. Olsen, Orlando, for appellant.
Albert P. Schwarz, of Sanders, McEwan, Schwarz & Mims, Orlando, for appellees.
HODGES, JOHN G., Associate Judge.
The appellant, a nonprofit hospital, as plaintiff, sued the appellee, Albert Schwarz, and his wife, Evie, as defendants, in the Circuit Court in and for Orange County to recover hospital and medical expenses rendered to the wife after she had attempted suicide. Summary final judgment, the subject of this appeal, was entered by the lower court for the plaintiff hospital against the defendant wife and for the defendant husband and against the plaintiff hospital. Shortly thereafter, the wife succeeded in destroying herself.
Other introductory facts involved in the case are that Albert Schwarz and his wife, Evie, had been married only a short while *494 when they separated on May 5, 1962, at which time the wife was apparently suffering from physical, as well as mental, impairment. On May 7, 1962, divorce proceedings were instituted in the Circuit Court in and for Seminole County by Albert Schwarz against Evie Schwarz. On May 29, 1962, an order, pendente lite, was entered by the chancellor of that court directing the husband to pay the wife temporary alimony. This order remained in effect until the final decree of divorce was entered in the cause. On November 20, 1962, the parties entered a settlement agreement under which the husband paid the wife the sum of $1,350.00.
Shortly after the court's order awarding temporary alimony, the wife was admitted to the appellant hospital where she received treatment declared to be necessary by her admitting and treating physicians. None of the hospital and medical charges, totalling $4,570.85, sought in the suit below, has been paid by either the husband or wife. The husband, Albert Schwarz, has refused to pay, relying upon the temporary order entered by the chancellor in the divorce proceedings and the property settlement hereinabove described.
According to sworn statements of Albert Schwarz and one Donald D. Straub, a police officer, Evie Schwarz's attempted suicide, necessitating the hospital charges, was because of an abortive love affair with a man other than her husband.
The summary final judgment, wherein all material undisputed facts were recited, reads, in pertinent part, as follows:
"After due notice this cause came on for final hearing upon the motion for summary final judgment for the Plaintiff and on a motion for summary final judgment for the Defendant, Albert Schwarz. These parties agree, and it apparently is true, that there is no dispute as to any material fact and that one or the other parties are entitled to a summary final judgment on the law.
"It is clear that Albert Schwarz and Evie Schwarz were husband and wife during the period of time when the wife, Evie Schwarz was in the hospital of the Plaintiff corporation. It is further clear that prior to the time she was admitted to their hospital, the parties were living separate and apart and there was a divorce proceeding pending. It is also undisputed that prior to the hospitalization the Court had entered an order requiring the husband, Albert Schwarz, to pay temporary alimony to the wife, Evie Schwarz. By his affidavit, Albert Schwarz has stated that he separated from Evie Schwarz because of the marital misconduct of Evie Schwarz. This is not contradicted by any opposing affidavit and I therefore accept that fact to be true.
"The evidence further indicated that most, if not all, of the hospitalization of Evie Schwarz was a result of a suicide attempt made by her on her life and apparently because of some frustration that she had suffered in connection with an association with a man other than her husband.
"From a study of the authorities, it is generally held that a husband is not liable for the necessities of the wife when there is an outstanding order decreeing temporary alimony payment and which he is fulfilling. Also the authorities seem to state that when the wife is living apart from the husband because of her misconduct the husband is not responsible for the necessities of the wife. Medical expenses have been held to be necessities. The question is raised and urged by the Plaintiff that medical expenses are excepted from the above rules. This may be true in some circumstances for some type of medical treatments. I rule however, that the circumstances of this hospitalization and this particular hospital bill does not come within any exception if one exists.

*495 "Because he was paying temporary alimony pursuant to order of the Court and because the parties were separated through the misconduct of the Defendant Evie Schwarz, it is my finding that the Defendant, Albert Schwarz, is entitled to a summary judgment as a matter of law against the Plaintiff and judgment is hereby entered for said Defendant Albert Schwarz against the Holiday Hospital Association, a Florida Corporation, and the parties go hence without day on the claim of the Plaintiff against the Defendant Albert P. Schwarz.
"On the other hand, insofar as the claim of the Plaintiff Corporation against Evie Schwarz is concerned, there is no dispute that the services were incurred by her, the charges were reasonable. Judgment is therefore entered for the Plaintiff, Holiday Hospital Association, a Florida Corporation, against Evie Schwarz in the amount of $4,570.85, plus costs to be taxed upon the filing of an appropriate cost bill by the Plaintiff against the Defendant Evie Schwarz."
The parties have presented several proposed forms of questions for consideration on this appeal. We believe that the controlling question, which apparently makes its initial appearance before the appellate courts of Florida, may be stated as follows:
IS A HUSBAND SEPARATED FROM HIS WIFE, WHO HAS INSTITUTED DIVORCE PROCEEDINGS BECAUSE OF HER MISCONDUCT, LIABLE FOR HOSPITAL EXPENSES INCURRED BY THE WIFE SUBSEQUENT TO THE ENTRY IN SAID PROCEEDINGS OF AN ORDER, WITH WHICH HE HAS COMPLIED, AWARDING TEMPORARY ALIMONY TO THE WIFE?
We are persuaded that the capable circuit court judge correctly answered the question on the basis of the conclusive facts presented in his final judgment and we affirm.
It can be authoritatively stated, we believe, that a husband is liable for the necessaries of his wife where he has a duty to furnish them and if he fails in this duty, the law makes his wife an agent to pledge his credit for her necessities. This rule was engrafted in the law for the benefit of the wife, however, and not for the benefit of the creditor furnishing goods and services to her. The basic inquiry presented here is whether or not, under the facts in this case, hospital and medical expenses are covered by this general rule, where the husband is making temporary support payments to the wife pursuant to court order, and the medical and hospital expenses were not contemplated by the parties at the time of the entry of such order.
The absence of helpful authority in this state on the question necessitates examination of judicial opinions of courts of other states and an analysis of the legal philosophies from which applicable principles and rules of law have developed in their jurisprudence concerning the subject of our inquiry.
In every case that we have found in which the law justified the establishment of liability on the husband for the necessaries of the wife, there was a clear obligation on his part to furnish the necessaries involved, the courts stating that where a divorce action is pending, the wife may request the court to fix this liability by making an award of temporary support and if it should become inadequate to take care of extraordinary and unusual expenses, the wife is permitted to request the court to include the necessary charges beyond the normal measure.
The general principle that a husband is not liable for necessaries where he has complied with a court order providing for temporary alimony is supported by a number of cases in other jurisdictions. See Wise Memorial Hospital Association v. *496 Peyton, 99 Neb. 48, 154 N.W. 838; Dravecko v. Richard, 267 N.Y. 180, 196 N.E. 17; Joseph, Inc. v. Schoenwald, 148 Wash. 649, 269 P. 797.
The decision in the case of Hare v. Gibson, 32 Ohio St. 33, 30 Am.Rep. 568, is a relatively old one, but so far as we have been able to ascertain, it has not been reversed in the State of Ohio, nor does it appear to have been repudiated or criticized in the case law of other jurisdictions. There, the wife, living separate and apart from the husband, sued him for divorce and obtained an order fixing the amount of alimony, pendente lite. Thereafter, she employed a physician and incurred medical charges not contemplated at the time of the entry of the temporary alimony order. In the suit to recover the medical charges from the husband, the plaintiff claimed that he had no knowledge of the temporary alimony award or its payment by the husband. The court held that the husband was not liable, answering the plaintiff's contention that he had no knowledge of the temporary alimony by stating:
"* * * he should have inquired. He was dealing with a married woman living separate from her husband, and the authorities are abundant that he could do so only at his own peril.
"The presumption of law, in such case, is that the husband is not liable, and the circumstances fixing his liability must be shown by the party seeking to charge him. If he took the risk of doing so, without inquiry, he has only himself to blame."
With respect to the contention, as in the case before us, that the wife's subsequent ill health, not contemplated at the time of the pendente lite award, rendered the allotment to her completely inadequate, the court commented as follows:
"This change in her circumstances would, no doubt, have justified her in applying to the court * * * for an increase of the sum allowed. But, if she remained satisfied with the amount decreed, others have no right to complain.
"The exercise of the judicial discretion which she had herself invoked, cannot be collaterally impeached or drawn in question, especially by a stranger to the controversy."
In the case of Dravecko v. Richard, supra, wherein charges for legal services rendered to the wife were sought to be recovered against the husband after an award of temporary alimony, the court held that until modification of the award, the husband's obligation was limited thereby.
Many other authorities have applied the rule that a husband is not liable for the necessities of the wife where the separation is occasioned by the fault of the wife. See Denver Dry Goods Co. v. Jester, 60 Colo. 290, 152 P. 903, L.R.A. 1917A, 957; Allen v. Selig Dry Goods Co., 90 Ind. App. 290, 165 N.E. 338. In the latter case, the court stated:
"`All persons supplying the necessities of a married woman, separate from her husband, are bound to make inquiries as to the cause and circumstances of the separation, or they give credit at their peril.' Whether the separation is caused by the fault of the husband or of the wife is the decisive test in determining the liability of the former for necessaries furnished the wife while living apart from her husband. * * *"
The trial court appears to have predicated its judgment upon both of the rules hereinabove discussed. There may be another point, relating to the conduct of the wife and the cause for her hospitalization, which has not been specifically raised by the parties to the cause, but which perhaps could have been taken into consideration by the trial court. Even though hospital expenses might normally be considered a necessity, it would appear that they might nevertheless be questioned if they directly *497 result from marital misconduct and a voluntary felonious act on the part of the wife incurring the expenses. We believe, however, that the lower court's judgment under the facts of this case should be sustained upon the rules previously discussed, from which no legally persuasive exceptions appear to have been made by other appellate courts in the case of medical and hospital services. The appellant has produced no substantial precedent in decisional case law to support its position. It should be apparent that we have found none.
The judgment of the lower court is affirmed.
ALLEN, Acting C.J., and SHANNON, J., concur.