**SNYDER v. MASCOLA, et ux.**
No. 77-15320.
County Court, Broward County.
March 23, 1978.

Steven F. Squire, Fort Lauderdale, for the plaintiff.

Jack E. London, Hollywood, for the defendants.

EUGENE S. GARRETT, County Court Judge.

This matter was tried by the court on March 17, 1978. The court having had the opportunity to consider the stipulated and sworn testimony of the plaintiff and defendant, Pat Mascola, and to review the exhibits introduced into evidence, makes the following determination of facts and conclusions of law —

### Statement of facts

In November, 1976, Corrine Mascola, then wife of the defendant Pat Mascola, engaged the plaintiff to perform dental services which were completed and paid for by the husband.

In April of 1977, a divorce proceeding was instituted regarding the Mascola marriage.

In April of 1977, while such divorce proceeding was pending, Corrine Mascola again engaged the plaintiff to perform dental services, which were completed, payment of the resulting $225 bill being the subject matter of the case at bar.

### Conclusions of law

There is a presumption that a person furnishes necessities on the credit of the husband rather than on the credit of the wife, it is pre-

sumed that she acted as an agent of the husband rather than as a principal. 60 ALR 2d 68.

Proof is lacking that the necessity needs of the wife were adequately provided for by the husband by compliance with a court order, if any, by agreement between the parties, if any, or by the wife's separate estate, if any, as may be required to overcome the aforesaid presumption. *Supra,* at 53, 55 and 62.

The fact that an action for divorce or separation is pending when the necessities are furnished to the wife does not affect the liability of the husband. *Supra,* at 58.

Through enactment of Chapter 61 of the Florida Statutes, (Dissolution of Marriage), fault for the separation or pending divorce should no longer have any legal significance on a husband's liability to supply necessities to the wife.

Proof is lacking that the plaintiff had any knowledge whatsoever that the status of the Mascola marriage had altered one iota from the initial services to when he performed the now unpaid services. *Holiday Hospital Assoc. v. Schwarz,* 166 So.2d 493 (2nd DCA 1964).

Based on all of the foregoing, therefore, it is ordered and adjudged that the plaintiff, Irvin Snyder, D.D.S., do and have recover from the defendant, Pat Mascola, the sum of $225, plus court costs in the amount of $20.50, for which let execution issue.