415 So.2d 151 (1982)
Barbara Ann BEVILLE, Appellant/Cross-Appellee,
v.
Howard J. BEVILLE, Appellee/Cross-Appellant.
No. 81-545.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
*152 Erroll S. Willes, Fort Pierce, for appellant/cross-appellee.
Charles A. Sullivan, Jr., of Sullivan, Cobb, Sullivan & Orr, Vero Beach, for appellee/cross-appellant.
LETTS, Chief Judge.
The trial court here awarded a mere $200.00 per month, in permanent periodic alimony, to a wife of many years and mother of two children, working as a part-time bus driver and earning only $264.00 a month. We reverse and remand.
It appears from the record that this much respected trial judge may have made this pathetically small award of periodic alimony because the wife was shown to be a lifelong nag and intolerable companion, during thirty-five years of marriage. If our supposition is correct, we can voice no objection, but we must ask the trial judge, upon remand, to make such a finding. Otherwise, reversible error was committed. Marital misconduct by a wife who seeks alimony may well limit or forestall any award, but such misconduct should be articulated, so that a reviewing court can discern what is afoot. Williamson v. Williamson, 367 So.2d 1016 (Fla. 1979). Absent marital misconduct, the award here would be ridiculous and even assuming misconduct, it is still erroneous in one respect. The trial court found that the wife had "some special equity" in $60,000.00 of joint funds invested in his cattle business. The amount of this equity should be determined upon remand and awarded to the wife in a lump sum, regardless of her misconduct, if any.
The husband avers that he gave his fruit hauling and harvesting business to his son, yet confesses no transfer of title has taken place nor does a bill of sale exist. All income and expense from the business continues to appear on the husband's tax return and he continues to exercise control, write checks, and receive benefits therefrom. All this being so, he obviously remains the beneficial owner and is capable of making substantial alimony payments. Likewise, the wife's need is obvious.
Accordingly, this cause is reversed and remanded for further proceedings. If gross marital misconduct is confirmed by the trial judge, we have no objection to the meager award nor indeed to no award if such is deemed appropriate upon fresh consideration, especially since the prior periodic award was apparently predicated on the special equity in the cattle business which we have here treated separately.
As to the special equity in the cattle business, this must be calculated and appropriately distributed as we have already noted.
We find no merit to the other points on appeal.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
HERSEY and GLICKSTEIN, JJ., concur.