WENTWORTH, Judge.
The wife appeals from a final judgment of dissolution of marriage denying her claims for periodic and/or lump sum alimony. We reverse and remand.
The parties were married for approximately fifteen years and had three minor children at the time of the final judgment. The wife had a history of poor health and at the time of the final hearing she was unemployed and recovering from a series of surgical operations. However, she had worked as a part time convenience store clerk during most of the marriage and expected to return to work soon after the final hearing. Her expected take-home pay was $353.16 per month. In spite of her history of employment, the wife had accumulated no personal assets during the marriage. By contrast, the husband had a gross weekly pay of $562.40 and had accumulated substantial personal assets in the nature of tools and guns. The marital home was acquired by the husband prior to the marriage and the title was solely in his name, although his financial affidavit lists his ownership as a one-half interest.
The final judgment awarded the wife custody of the children, child support, and use of the marital home until she remarries or the youngest child becomes 18 years of age or independent. The wife also received an encumbered van and half interest in the furnishings and fixtures in the marital home. Her claim for an interest in the house was specifically denied without explanation, and her claim for permanent alimony was denied by implication, the final order containing no reference to this claim.
Upon the facts presented, the final judgment does not in our opinion respect the requisite factors of the need for and ability to pay permanent alimony, either periodic or lump sum.[1] The wife, being unemployed at the time of the hearing and having an expectation of only approximately $80 per week, clearly demonstrated a need for support. The husband, by virtue of established earning capacity, and the fact that his financial position stated by affidavit rests on an apparent misrepresentation of his interest in the house, clearly has the ability to pay permanent periodic alimony and/or lump sum alimony in the form of one half of his interest in the home. The record being devoid of evidence indicating a possible explanation for the disparity in treatment of the parties,[2] we find the final judgment to be an abuse of discretion. We therefore reverse and remand with instructions that the trial court reconsider the wife’s alimony claims.
Reversed and remanded for further proceedings consistent with this opinion.
McCORD and BOOTH, JJ., concur.

. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).

. Cf., Beville v. Beville, 415 So.2d 151 (Fla. 4th DCA 1982).