# SARASOTA COUNTY PUBLIC HOSPITAL BOARD v ANDERSON

## Case No. 85-1192-CC-11

County Court, Sarasota County

May 20, 1986

### APPEARANCES OF COUNSEL

**Robert S. McDaniel, Jr.** for plaintiff.

**Janice Anderson** and **Robert E. Anderson,** pro se.

### OPINION OF THE COURT

BECKY A. TITUS, County Judge.

THIS CAUSE was heard before the court. On the evidence presented, the court finds as follows:

On June 12, 1984, defendant Robert E. Anderson threatened physical harm to his wife, Janice, and their two children. After Mrs. Anderson called the police, her husband was removed from the premises. Subsequently, she learned that he had not been taken to the county jail as she had requested, but had been taken and admitted involuntarily to Sarasota Memorial Hospital. Plaintiff Hospital sues for the value of the mental health services it rendered to Robert Anderson

and bases its cause of action against the wife upon the liability of a spouse for each others' necessaries. *Manatee Convalescent Center, Inc. v. McDonald*, 392 So. 2d 1356 (Fla. 2d DCA 1980).

The issue before this court, which appears to be one of first impression, is whether misconduct is a defense to the general rule of spousal liability. The courts have held that a spouse's liability for goods and services furnished to the other spouse is dependent upon the duty of support. 41 Am. Jur. 2d, *Husband and Wife*, s. 355 (1968). For example, in cases where the services are provided while the parties are separated, such as when a wife has left her husband without fault on his part, the husband has no duty of support. *Holiday Hospital Association v. Schwarz*, 166 So. 2d 493 (Fla. 2d DCA 1964). Moreover, if the husband raises the defense of abandonment, the burden shifts to the plaintiff creditor, who takes the risk of proving its case against the husband when it furnishes necessaries to the wife. Id. See also *Schwarz*, supra, at 495; *Beers*, supra, at 998, 999; and 41 Am. Jur. 2d *Husband and Wife*, s. 363 (1968).

In determining whether a duty of support exists, the courts have turned to the law of alimony. In fact, the defense of abandonment was first addressed in *Floyd v. Floyd*, 108 So. 896 (Fla. 1926), which concerned the issue of temporary alimony. An examination of relevant divorce cases reveals that marital misconduct is likewise a defense to an award of alimony. *Williamson v. Williamson*, 367 So. 2d 1016 (Fla. 1979); *Beville v. Beville*, 415 So. 2d 151 (Fla. 4th DCA 1982). It thus appears that Robert Anderson's misconduct in threatening physical harm to his wife and children is a defense to his wife's duty of support. In so finding, the court is also mindful of the fact that the parties divorced sometime after this incident.

Having found that Janice Anderson may raise the defense of misconduct, the burden shifts to the plaintiff to show either no misconduct or that the husband's conduct was justified. Since no testimony was offered to refute that of Janice Anderson, plaintiff clearly has not met its burden. The court, therefore, finds that Janice Anderson has no duty to support her then husband under these circumstances. However, plaintiff presented a prima facie case against Robert E. Anderson, who defaulted in his appearance at trial.

Upon the foregoing, it is hereby

ORDERED AND ADJUDGED that the court finds in favor of the defendant, JANICE ANDERSON, and against the plaintiff, and it is further

ORDERED AND ADJUDGED that the court finds in favor of the

40

plaintiff and against the defendant, ROBERT E. ANDERSON for the sum of $3,563.85, together with $52.00 costs, for which let execution issue. Interest shall accrue at the rate provided by law.

DONE AND ORDERED at Sarasota, Florida this 20th day of May, 1986.